HOSKINS *v.* HUTCHINGS ET AL.

MORTGAGE.—*Widow.—Dower.*—Where a husband mortgaged land (his wife not joining) on the 12th day of January, 1853, and in 1856 the mortgage was foreclosed, and the husband died in 1859, the wife had no interest in the land, dower having been abolished after the execution of the mortgage, with no saving clause for this class of cases.

APPEAL from the Clark Circuit Court.

DOWNEY, J.—Suit by the appellant against the appellees for partition of real estate. Judgment for the appellant for one-third, for her life, of the real estate, and for the appellees for the residue of the land, and partition made and approved accordingly. Each party moved for a new trial, which was denied, each excepted, and each has appealed and assigned errors.

The facts are, that the appellant was the wife of Henry Hoskins, who was the owner in fee simple of the land in question. On the 12th day of January, 1853, he mortgaged the land to Hutchings, his wife not joining in the mortgage. In 1856, the mortgage was foreclosed, and at a sale of the land it was purchased by Hutchings, the mortgagee. Henry Hoskins died in 1859.

The appellant insists that she is entitled to one-third in fee simple of the land; the appellees contend that she is not entitled to any of it, and the court awarded to her, as we have seen, one-third of it for her lifetime.

In principle, we think this question is decided in *Strong v. Clem,* 12 Ind. 37, and the cases following it. It is true that in those cases the fee simple had been conveyed by the husband, when in this there was only a mortgage executed by him on the land. But when this mortgage was executed, it gave the creditor a valid lien on the land, subject only to the contingent right of the wife to dower in the same, in the event that she should survive her husband. We cannot see how the legislature could increase the interest of the wife, and in the same proportion diminish that

of the mortgagee, without incurring the charge of having impaired the obligation of the contract.

The creditor has here a specific lien upon the mortgaged premises, which cannot be taken away from him, without an evident infraction of the constitution of the United States, and a violation of a plain principle of justice and right. Const. U. S., art. 1, sec. 10.

Coming to the other branch of the question, we must follow the cases which have been decided by this court, which hold that the inchoate dower estate of the wife being abolished, she has, in such a case, no interest in the land. It is unfortunate that the legislature did not, in the section abolishing tenancies in dower and by courtesy, except from the operation of the act inchoate rights. While, in this case, the mortgagee must be allowed to hold the interest which was mortgaged to him, undiminished by any subsequent legislation, there would seem to be no justice in such legislation as gives him the land discharged from the dower estate altogether. But we feel compelled to follow the cases to which we have referred in this respect, as well as in the other, and hold that the widow has no interest whatever in the real estate in question.

Judgment reversed and the cause remanded, with instructions to dismiss the complaint, costs to appellant, against Josephine R. Hoskins.*

*J. H. Stotsenburg* and *T. M. Brown*, for appellant.

*T. W. Gibson*, for appellees.

*Petition for a rehearing overruled.