## KISSEL v. EATON.

MORTGAGE.—*Grantee of Encumbered Lands.—Wife's Inchoate Interest.*—The wife of the grantee of lands encumbered by a mortgage has no inchoate rights in the land, as against the mortgagee.

SAME.—*Rights of Widow.—Redemption.—Partition.—Descents.*—Upon the death of the grantee, and the sale and conveyance of such lands by the sheriff pursuant to an order of sale issued upon a decree of foreclosure of such mortgage, rendered in an action to which she was not a party, his widow is entitled to redeem, but not to partition.

SAME.—*Judicial Sale.*—The decree and sale in such case do not come within the provisions of the act of March 11th, 1875, 1 R. S. 1876, p. 554, in relation to inchoate interests of married women.

From the Marion Circuit Court.

*L. Ritter, L. C. Walker* and *E. F. Ritter,* for appellant.

*A. F. Denny, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

WORDEN, J.—This was an action by the appellant, against the appellee, for the partition of certain land described in the complaint, the plaintiff claiming to be the owner of one-third thereof.

The defendant answered, alleging, among other things, the following facts:

That, on the 19th of October, 1872, the real estate described in the complaint was owned by one Hayden P. Anderson, who, with his wife, on that day mortgaged and warranted the property to Paul Espy, for the purpose of securing the payment of a note of even date therewith, for the sum of five thousand dollars, payable October 20th, 1873. The mortgage was duly recorded. On June 9th, 1873, Anderson and his wife conveyed the property to Peter Kissel, husband, as we suppose, of the plaintiff.

Afterward, in February, 1876, Paul Espy commenced proceedings in the Marion Superior Court to foreclose his mortgage, making parties thereto the said Anderson and Peter Kissel, and such proceedings were thereupon had,

.as that afterward, on March 15th, 1876, he obtained a judgment of foreclosure, and an order for the sale of the land to satisfy the sum secured by the mortgage; that afterward, on October 7th, 1876, a duly certified copy of the decree was issued to the sheriff, by virtue of which the land was sold, after due notice, for the sum of five thousand four hundred and fifty-five dollars and thirty-five cents, the said Espy becoming the purchaser and receiving the sheriff's certificate, which was afterward assigned by him to the defendant, to whom the sheriff has executed the proper deed, the land not having been redeemed.

There are other matters, set up in the answer, not necessary to be noticed in this opinion.

The plaintiff demurred to the answer for want of sufficient facts, but the demurrer was overruled, and exception taken.

The plaintiff not replying to the answer, judgment was rendered for the defendant.

Error is assigned upon the ruling of the court upon the demurrer to the answer.

We are of opinion that the ruling was clearly right.

The answer set up a complete defence to the plaintiff's claim of title to any part of the property, or the right to have partition thereof.

When the land was conveyed by Anderson and his wife to Peter Kissel, it was encumbered by the mortgage which Anderson and his wife had executed to Espy. The plaintiff, as the wife of Peter Kissel, never acquired any inchoate interest in the land that was not subject to that mortgage. As against the mortgagee, she never had any interest in the land, inchoate or otherwise.

But, by the conveyance to her husband, she acquired an inchoate right to one-third of the land, as against all persons except the mortgagee and those claiming under him. And, for the purpose of protecting that interest, she had a

right to redeem the mortgage. Not having been made a party to the suit to foreclose the mortgage, she still has the right to redeem. As against her, inasmuch as she was not a party to the foreclosure suit, the case stands as if there had been no foreclosure. *May* v. *Fletcher*, 40 Ind. 575. The purchaser under the foreclosure acquired a perfect title to the property, as against all persons who were parties to the suit, and holds it subject to the plaintiff's right to redeem the mortgage.

This right to redeem the mortgage is all the right she has in the premises, as against the defendant holding the title acquired under the sale on the foreclosure    The action was not brought to redeem the mortgage, but for the partition of the land.

The act of March 11th, 1875, 1 R. S. 1876, p. 554, vesting the inchoate interests of married women in the lands of their husbands, when the title therein of the husband has been divested by certain judicial sales, etc., seems to be relied upon by the appellant. That statute, however, has no application to the case, for the reason that the plaintiff has no inchoate interest in the land, as against the mortgagee, or the defendant claiming under him through the sale and sheriff's deed.

Her sole right is the right to redeem the mortgage, so that whatever interest in the land the law may give her as the wife or widow of Peter Kissel, in the lands of her husband, may attach thereto.

The judgment below is affirmed, with costs.