McGlothlin *et al. v.* Pollard.

No. 8921.

McGLOTHLIN ET AL. *v.* POLLARD.

MARRIED WOMAN.—*Inchoate Interest in Husband's Land Sold on Foreclosure. —Mortgage.— Vested Right.—Act of 1875 Construed.*—When a man's land has been sold upon foreclosure of a mortgage made by him alone before the passage of the act of 1875, Acts 1875, p. 178, the inchoate interest of the wife is not affected by that law. The vested right of the mortgagee could not be impaired by an enlargement of the inchoate right of the wife.

SAME.—*Redemption.— Wife's Transfer of Right.—Party.*—If a wife is not made a party to a foreclosure against the husband, her right to redeem from a sale under the decree continues unaffected, and this right she may transfer to another, by joining her husband in the execution of a deed.

From the Carroll Circuit Court.

*A. J. Roush, J. M. Larue* and *F. B. Everett,* for appellants.
*J. Applegate,* for appellee.

WOODS, J.—The appellee obtained a judgment against the appellants for the recovery of the possession of certain real estate, subject to a right of redemption by the appellant John McGlothlin. The question presented for decision is whether the finding and judgment of the court are sustained by the evidence, which consists of an agreed statement of the facts. The exact point in dispute may be apprehended from the following statement:

On the 10th day of April, 1871, Joshua Harris, being the owner of the land in question, executed to Wesley Kipp a mortgage for unpaid purchase-money, a previous mortgage in which Harris' wife had joined being that day satisfied of record, and the new mortgage given instead, the wife not joining in its execution. This mortgage was foreclosed on the 25th day of September, 1877, against Harris alone, his wife not being made a party to the action, and by virtue of the decree the property was sold to the appellee on the 23d day of February, 1878, for the full amount of the decree, which the appellee paid and received a certificate of purchase, and

at the end of the year, there having been no redemption, received of the sheriff a deed for the property. On September 7th, 1878, within the year allowed for redeeming from the sale, the appellant McGlothlin, with notice of the foregoing facts, procured a deed for the premises from Harris and his wife, and under that deed received and was holding possession of the property at the commencement of the suit, claiming such right and only such right as he acquired by virtue of said conveyance.

The proposition of the appellants is, that, under the act of March 11th, 1875, Acts 1875, p. 178, the inchoate interest of Mrs. Harris, upon the consummation of the sheriff's sale, became a vested undivided one-third interest in fee simple, which she had conveyed to him. We do not concur in this proposition. By his purchase at the foreclosure sale, the appellee acquired all the interest which Harris, at the time the mortgage was made, was able to convey or mortgage. The mortgage was made in 1871, when the wife's inchoate interest, as then defined by law, could become a vested right only upon the death of the husband, and in case she survived him ; and, subject only to this contingent interest, the deed or mortgage of the husband operated upon the entire estate. The right of the mortgagee in this instance, therefore, was of such a character, having become vested at once upon the execution of the mortgage contract, that the obligation and effect of it could not be impaired or diminished by subsequent legislation.

It has been held that in lands sold to satisfy a judgment rendered upon a contract made before the passage of the law of 1875, the wife's inchoate interest, by virtue of that law, vests upon the transfer of the title to the purchaser, *Taylor* v. *Stockwell*, 66 Ind. 505 ; but to allow such result in cases of a mortgage or other specific lien, created by or arising out of a contract made before the passage of the law, would be a plain disregard of the constitutional inhibition whereby the States are forbidden to pass any " law impairing the obligation of contracts." Const. U. S., art. 1, sec. 10.

The purchaser under the decree of foreclosure, of course, acquired the entire interest which was covered by the lien of the mortgage.

By reason of the fact that Mrs. Harris was not made a party to the action, her right to redeem was not affected by the decree; and whatever right in this respect the appellant acquired by virtue of her conveyance of the land to him, the court protected in the judgment which was rendered. During the life of the husband, at least, she has no right of possession, and, of course, could convey no such right to another.

Judgment affirmed, with costs.