## No. 9724.

### PARKHAM *v.* VANDEVENTER.

JUDICIAL SALE.—*Wife's Inchoate Interest in Real Estate Sold on Execution.— Statute Construed.—Mortgage.—Constitutional Law.*—The inchoate interest of a married woman in the lands of her husband, not exceeding $20,000, does not become absolute under the act of 1875, sections 2508 and 2509, R. S. 1881, when sold upon a judgment rendered since the act took effect foreclosing a mortgage executed by the husband alone before the passage of the law; such act, as applied to such contracts, would impair their obligation, and it can not be held to embrace them.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*W. J. Baker* and *L. Shaw,* for appellee.

BEST, C.—The appellant brought this action for the partition of eighty acres of land, alleging in her complaint that she was the owner in fee of one-third, and the appellee the owner of the residue of the land.

The second paragraph of the answer averred, in substance, that one Allen Parkham, the appellant's husband, was the owner of the land, and on the 28th day of March, 1870, he executed a mortgage upon the south half of it to the State of Indiana, for the benefit of the school fund, to secure a note of $75, and on the 15th day of December, 1873, he executed a mortgage upon the whole of it to Jacob Holmes, to secure notes, amounting in the aggregate, to $1,146 ; that on the 4th day of April, 1877, the auditor of said county, by virtue of the power contained in the mortgage executed to the State, duly sold thirty acres, a part of the south forty, to Jacob Holmes; that the other mortgage was duly foreclosed against said Allen Parkham, in June, 1876, and on the 4th day of November, 1876, upon an order of sale issued upon said decree, the whole of the land was duly sold to said Jacob Holmes, who, after the sheriff had made him a deed, conveyed the land to the appellee ; that Allen Parkham is still living, and that the appellant has no interest in the land other than as his wife.

A demurrer was overruled to this answer. Substantially the same facts were averred in the reply, to which a demurrer was sustained, and these rulings are assigned as error.

The question presented is whether the inchoate interest of a married woman in the lands of her husband, not exceeding in value $20,000, becomes absolute under the act of March 11th, 1875, when sold upon a judgment, rendered since the act took effect, foreclosing a mortgage executed by the husband alone, before the passage of the law.

It is insisted that the statute, as applied to sales on judgments rendered upon mortgages executed by the husband before the passage of the law, is void as being in conflict with the provisions of the Federal and State constitutions forbidding the passage of any law impairing the obligation of contracts. Const. U. S., art. 1, section 10; Const. Ind., Bill of Rights, section 24.

This view was adopted by the court below, and we are of opinion that the statute can not be upheld as applied to such contracts. The execution of the mortgage gave the mortgagee a vested interest in the mortgaged premises that can not be divested by an act of the Legislature without impairing the obligation of the contract. This precise question was decided by this court in the case of *Hoskins* v. *Hutchings*, 37 Ind. 324, as applied to a statute which enlarged the rights of the wife in a similar way. Prior to the code of 1852, a wife was entitled to a dower interest in one-third of the land of her husband in the event that she survived him, and by the code it was increased to one-third in fee simple. Before the code was adopted, a husband executed a mortgage upon his land in which his wife did not join, and after its adoption he died. The mortgage was then foreclosed, the land purchased under the decree, and the question arose whether the wife was entitled to one-third of it in fee simple under the code of 1852. Upon that question this court said: "In principle, we think this question is decided in *Strong* v. *Clem*, 12 Ind.

37, and the cases following it. It is true that in those cases the fee simple had been conveyed by the husband; while in this there was only a mortgage executed by him on the land. But when this mortgage was executed, it gave the creditor a valid lien on the land, subject only to the contingent right of the wife to dower in the same, in the event that she should survive her husband. We can not see how the Legislature could increase the interest of the wife, and in the same proportion diminish that of the mortgagee, without incurring the charge of having impaired the obligation of the contract. The creditor has here a specific lien upon the mortgaged premises, which can not be taken away from him, without an evident infraction of the constitution of the United States, and a violation of a plain principle of justice and right. Const. U. S., art. 1, sec. 10."

When the mortgage in this case was executed, it gave the mortgagee a valid lien upon the land, subject to the contingent interest of the wife to one-third of the land in fee simple, in the event that she survives her husband, and the Legislature can not increase her interest and thus diminish the interest of the mortgagee without impairing the obligation of the contract. This proposition is plain and needs no discussion. The same thing, in principle, has several times been decided by this court. *Lewis* v. *Brackenridge*, 1 Blackf. 220 (12 Am. Dec. 228); *Hopkins* v. *Jones*, 22 Ind. 310; *Scobey* v. *Gibson*, 17 Ind. 572.

The appellant, however, insists that the cases of *Taylor* v. *Stockwell*, 66 Ind. 505, and *Hollenback* v. *Blackmore*, 70 Ind. 234, decide this question the other way. In the latter case, this question was not considered. It was conceded that the wife's interest in lands mortgaged by the husband before the law was enacted, upon a foreclosure and sale of them afterward, became absolute, and the only question presented was when, whether at the date of the sale or at the expiration of the year for redemption, and the court held that, as the title of the debtor vested in the purchaser as of the date of the sale,

Parkham *v.* Vandeventer.

the inchoate interest of the wife became absolute at the same time. The court, in reaching its conclusion, assumed that the inchoate interest of the wife in such case becomes absolute upon a sale of the property, but as the constitutionality of the act was not considered, the case can not be regarded as a decision of this question.

The case of *Taylor* v. *Stockwell,* 66 Ind. 505, did not involve the same question. It involved the constitutionality of the act so far as prior contracts generally are concerned, but did not involve any such question where specific liens had been acquired. There is, of course, a marked distinction between them, and that case does not decide, nor does it attempt to decide, the question here presented. Neither. of these cases, therefore, can be regarded as deciding this question the other way.

Another view seems equally decisive of this question against the appellant. The second section of the act provides that its provisions shall not apply to sales made upon judgments rendered prior to the time that the act takes effect. These judgments, as a general rule, create nothing but general liens, that may be regulated at the will of the Legislature, depending, as they do, upon statute, and not upon contract, and since the Legislature declares that the act should not apply to sales made to enforce such liens, it should be construed so as not to apply to sales made to enforce specific liens acquired before the law took effect. It is not reasonable to suppose that the act was intended to apply to sales made to enforce specific liens, when, by its terms, it does not apply to sales made to enforce general liens.

For these reasons, we think, the court did not err in its rulings, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.