No. 8655.

## BAKER *v.* McCUNE.

82 585
153 535

JUDICIAL SALE.—*Husband and Wife.*—*Mortgage.*—*Ejectment.*—*Judgment.*—
*Redemption.*—In ejectment to recover possession of a tract of land, the
court found specially that the plaintiff had, under a foreclosure of a
mortgage, dated in 1876, for purchase-money, against the defendant alone,
obtained a proper sheriff's deed for the land ; that when the mortgage
was made, the defendant had a wife, still living, who did not join in the
mortgage, and, as a conclusion of law, found the plaintiff entitled to
possession of the whole of the land, and judgment was so entered.

*Held,* that the legal effect of the finding and judgment was only to give
the plaintiff possession of such interest in the land as the defendant may
have had.

*Held,* also, that the wife had no right to retain possession of an undivided
third of the land, and had no right in it save to redeem.

Case adhered to and distinguished—*Kissel* v. *Eaton,* 64 Ind. 248.

From the Whitley Circuit Court.

*J. S. Frazer, W. D. Frazer, J. S. Collins* and *J. W. Adair,*
for appellant.

*W. Olds* and *H. S. Biggs,* for appellee.

NIBLACK, J.—Action by John McCune against Joseph
Baker to recover the possession of a tract of land in Whit-
ley county. The complaint was in the usual form ; the answer
in general denial.

From a special finding of facts it was made to appear that
on the 7th day of December, 1876, the plaintiff sold and con-
veyed the land in controversy to the defendant ; that for a
portion of the purchase-money the plaintiff took the promis-
sory notes of the defendant payable in instalments, secured
by a mortgage on the land ; that afterwards there was a fore-
closure of the mortgage, and a sale of the land by the sheriff
to satisfy the amount decreed to be due for the balance of
unpaid purchase-money ; that the plaintiff became the pur-
chaser of the land at the sheriff's sale, and in due time re-
ceived a sheriff's deed conveying the same to him ; that, at
the time of the execution of the mortgage by the defendant,

and up to and at the time of the trial, one Elizabeth Baker was the wife of the defendant; that the said Elizabeth did not join in the execution of the mortgage, nor was she in any manner a party to the foreclosure proceedings upon it.

Upon these facts the court came to the conclusion that, as against the defendant, the plaintiff was the owner and entitled to the possession of the entire tract of land, and gave judgment in favor of the plaintiff for the whole tract, in accordance with the finding.

The complaint of the appellant here is that the facts, as found by the court, established title in his wife to one undivided third of the land in suit, and that consequently the court erred in coming to the conclusion that the appellee was entitled to recover the entire tract of land.

Counsel for the appellant concede that the judgment appealed from is right as to two-thirds of the land, and also agree that, if all that was said by this court in the case of *Kissel* v. *Eaton*, 64 Ind. 248, shall be adhered to, the judgment will have to be, in all respects, affirmed. But they contend that the decision in that case was in some, if not all, respects wrong, as applicable to the facts upon which it was based, and hence ought not to be followed in this or any other similar case. Much of the argument on both sides has been addressed to the supposed applicability or inapplicability of the opinion in that case to the facts now before us; but there is one important difference between that case and this, which seems not to have been fully observed, and that is: the wife of the mortgagor was not only a party, but was also the appellant, in that case; whereas in this the wife of the appellant was not a party to the action, and is, consequently, not bound, or in any manner precluded, by the judgment. The plain inference from the facts, as the court found them, was that the appellee was entitled to recover whatever interest the appellant may have had in the land, and, in legal effect, that was all the appellee recovered by his judgment.

As to the claim of title set up on behalf of Mrs. Baker, it

is only necessary now to say that we adhere to the conclusion reached in the case of *Kissel* v. *Eaton, supra,* and are, hence, of the opinion that the special finding showed no interest in her, as against the appellee, beyond her right to redeem from the sheriff's sale. *Baker* v. *McCune, ante,* p. 339; 1 R. S. 1876, p. 413, section 31.

The judgment will, therefore, have to be affirmed.

The judgment is affirmed, with costs.