No. 9003.

## LEASE ET AL. *v.* THE OWEN LODGE No. 146, INDEPENDENT ORDER OF ODD FELLOWS.

MORTGAGE.—*Married Woman.*—*Sheriff's Sale.*—When lands are sold to satisfy a foreclosure of a mortgage given by a husband prior to the taking effect of section 2508, R. S. 1881, the wife's inchoate interest does not vest upon the execution of the sheriff's deed.

SAME.—*Contract.*—*Constitutional Law.*—A mortgage is a contract which confers on the mortgagee a vested right which the Legislature can not afterwards diminish.

From the Owen Circuit Court.

*J. R. Fritts,* for appellants.

*W. A. Montgomery* and *G. W. Grubbs,* for appellee.

NIBLACK, J.—This was an action by Harriet Lease and her husband, Henry Lease, in right of the said Harriet, against Owen Lodge No. 146, of the Independent Order of Odd Fellows, for the partition of a lot in the town of Gosport, in Owen county.

The following facts were relied upon to sustain the claim

of the plaintiff Harriet to one undivided third part of the lot of which partition was demanded :

On the 30th day of May, 1870, the plaintiff Henry W. Lease executed to the defendant a mortgage on the lot to secure the payment of the sum of $450.65, the said Harriet being then, as she still is, his wife, and joining in the execution of the mortgage. At the October term, 1876, of the Owen Circuit Court, the defendant, in its corporate capacity as a lodge, recovered a judgment against the plaintiff Henry for the sum of $807.60 upon the debt secured by the mortgage, including also the sum of $356.40 secured by another mortgage, executed by the said Henry alone, on other real estate, and obtained a decree of foreclosure upon both mortgages. The said Harriet was a party defendant to these foreclosure proceedings, but the decree did not specifically direct that her inchoate interest in the lot described in the first named mortgage to be sold.

On the 18th day of November, 1876, the defendant became the purchaser at sheriff's sale, under the decree of foreclosure, of both tracts of the mortgaged lands, which were of a less aggregate value than $20,000, and on the 26th day of December, 1877, received a sheriff's deed in consummation of its purchase.

The court sustained a demurrer to the complaint, and final judgment was rendered against the plaintiffs upon demurrer.

On behalf of Mrs. Lease it is very earnestly insisted, that, as the decree of foreclosure referred to in the complaint was rendered after the act of March 11th, 1875, in relation to the inchoate interests of married women went into effect, she became entitled to the benefit of the provisions of that act, and to have set off to her absolutely, and in fee simple, one-third of the lot in controversy as soon as the sheriff's deed for it was executed to the appellee, and that consequently the court erred in sustaining the demurrer to the complaint.

On behalf of the appellee, it is maintained that the *status* of Mrs. Lease as regarded her inchoate interest in the lot

was fixed by the mortgage upon it when it was executed, and that the act of 1875, *supra,* can not be made so far retrospective as to change that *status.*

The general question thus presented has been settled by this court adversely to the theory upon which the claim of Mrs. Lease is predicated.

When a mortgage is executed upon a tract of land, the mortgagee acquires, by contract, a specific lien quite different from and superior to a judgment lien, which is general in its character and a mere matter of statutory regulation.

The lien thus acquired by mortgage becomes by the terms of the contract a vested right, which the Legislature can neither abridge nor diminish by subsequent legislation.

Any subsequent enlargement of the inchoate interest of the wife in the mortgaged land would necessarily operate as a diminution of the security afforded by the mortgage, and be an invasion of the vested right which the mortgagee had acquired under it.

This doctrine applies to all cases in which mortgages were executed by the husband prior to the taking effect of the act of 1875, without reference to whether the wife joined in the execution of the mortgage or not, the only difference being that where the wife did not join in the mortgage, or may not have been made a party to the foreclosure proceedings, the right to redeem from the sheriff's sale is reserved to her.

The question involved in this case was fully discussed, and very carefully considered, in the case of *Parkham* v. *Vandeventer,* 82 Ind. 544, recently decided by this court, and we still adhere to the conclusions reached in that case.    See also *McGlothlin* v. *Pollard,* 81 Ind. 228.

The judgment is affirmed, with costs.