# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

.AT INDIANAPOLIS, MAY TERM, 1882, IN THE SIXTY- SIXTH
YEAR OF THE STATE.

———————◆———————

No. 7792.

HELPHENSTINE ET UX. *v.* MEREDITH.

.JUDICIAL SALE.— *Wife's Inchoate Interest in Real Estate.—Mortgage.—Consti-
tutional Law.—Case Distinguished.*—The act of 1875 (R. S. 1881, sections
2508, 2509), in so far as, by its terms, it affects mortgages executed be-
fore its passage, converting the wife's inchoate right into a vested estate
upon sale to satisfy them, is in conflict with the constitution of the United
States, and void. *Taylor* v. *Stockwell,* 66 Ind. 505, distinguished.

From the Pike Circuit Court.

*W. Armstrong, S. E. Kercheval, W. R. Gardiner, S. H. Tay-
lor* and *J. Baker,* for appellants.

*J. H. O'Neall, D. J. Hefron, E. F. Meredith* and *L. Shaw,*
for appellee.

WORDEN, C. J.—Action by the appellants against the ap-
pellee. The complaint contained two paragraphs. No ques-
tion is made here, however, in relation to the second.

The first paragraph stated, in substance, the following facts:
That the plaintiffs have been husband and wife since 1845;
that, in 1855, the husband became seized, in fee simple, of

certain real estate, which was described, and has continued so seized, except as hereinafter stated; that, on August 16th, 1874, the husband executed a mortgage on the land, in which the wife did not join, to William S. Meredith, the defendant, to secure the payment of a certain note for the sum of $4,000 and interest, given for money lent by Meredith, and not for any part of the purchase-money for the land; that, on October 9th, 1876, Meredith obtained a judgment of foreclosure of the mortgage against the husband in the Daviess Circuit Court, to which the wife was not a party, nor was her inchoate interest in the land directed to be sold or barred; that the interest of the husband in the land was sold to the defendant by the sheriff, on an order issued upon the judgment, for a sum sufficient to pay the judgment and costs, on December 30th, 1876, the defendant receiving the sheriff's certificate of sale; that, on January 17th, 1878, the sheriff executed a deed to the defendant for the property, whereby the title to two-thirds of the land became vested in the defendant, and one-third in the female plaintiff, the wife of William Helphenstine. She demands partition.

A demurrer to this paragraph, for want of sufficient facts, was sustained, and the plaintiffs excepted. Judgment for the defendant. This ruling presents the only question for consideration here.

The act of 1875, concerning a wife's right upon judicial sales, R. S. 1881, sections 2508, 2509, in terms applies to such case, and, if upheld according to its literal terms, must give the female plaintiff an immediate right to one-third of the land.

In *Taylor* v. *Stockwell*, 66 Ind. 505, we held the act valid as applied to sales made upon judgments rendered after the taking effect of the act upon notes executed before the taking effect of the act. That case went, perhaps, as far as we can legitimately go in upholding the statute. We are not, however, at all inclined to depart from it; but that case is very clearly and broadly distinguishable from the present. A creditor who has the mere promissory note of his debtor has no

lien upon anything. Not so, however, with the creditor who has a mortgage upon his debtor's property. He has a specific lien upon the property mortgaged for the payment of his debt. He has acquired this lien by contract, the obligation of which can not be impaired by the Legislature. Here, the mortgage was executed before the passage of the statute in question. By it the defendant acquired the right to subject all the husband's interest in the land to the payment of his debt. That interest was the entire land, subject to the wife's inchoate right to a portion of it, to become consummate only in case she shall survive him. It was not in the power of the Legislature, after the execution of the mortgage, to enlarge her rights to the land, and thus lessen and impair the security obtained by the mortgage. *McGlothlin* v. *Pollard*, 81 Ind. 228 ; *Parkham* v. *Vandeventer*, 82 Ind. 544 ; *Lease* v. *Owen Lodge, etc.*, 83 Ind. 498.

The ruling on the demurrer was right. The judgment below is affirmed, with costs.