Voltz v. Rawles *et al.*

---

No. 9275.

## VOLTZ v. RAWLES ET AL.

MARRIED WOMAN.—*Foreclosure of Husband's Mortgage.*—*Sheriff's Sale of Lands.*—*When Wife's Inchoate Interest Vests.*—*Obligation of Contracts.*—*Constitutional Law.*—*Statute Construed.*—Upon the foreclosure of a mortgage on real estate, executed by the husband alone prior to August 24th, 1875, to secure a debt other than for purchase-money, and the sheriff's sale of the mortgaged premises, where the judgment of foreclosure was rendered, and the sale thereunder was made, subsequent to August 24th, 1875, the wife's inchoate interest in the mortgaged real estate will not vest and become absolute in her, unless and until she shall survive her husband. In such a case, section 2508, R. S. 1881, can not be construed as applicable; for, if the section were applicable, its effect would be to impair the obligation of the mortgage contract, and, to that extent, the section would be unconstitutional and void.

From the Fountain Circuit Court.

*J. B. Martin* and *J. W. Copner*, for appellant.

*L. Nebeker*, for appellees.

Howk, J.—The appellant brought this action against the appellees to obtain the partition of certain real estate in Fountain county. The appellees answered in a single paragraph, stating affirmative matters in bar of the action. The appellant demurred to the answer, upon the ground that it did not state facts sufficient to constitute a defence to her action, which demurrer was overruled by the court, and to this ruling she excepted. She declined to reply to the answer, and thereupon the court adjudged that she take nothing by her suit, and that appellees recover their costs.

The overruling of her demurrer to appellees' answer is assigned as error by the appellant. In their answer, the appellees admitted so much of the complaint as averred title in them, and that appellant was the wife of Henry Voltz; and they averred, that the appellant had no title to or interest in the premises described in the complaint, except such as she might have by virtue of her being the wife of said Henry Voltz, who was then living; that they derived title to said premises by purchase thereof at the sheriff's sale mentioned in the complaint; that the sale was made by the sheriff, pursuant to a decree of foreclosure and order of sale made by the Fountain Circuit Court, at its February term, 1876, which decree was against the said Henry Voltz for the whole of said premises, and was duly rendered by the court in favor of David Rawles, plaintiff, and against the said Henry Voltz, defendant therein; and that said decree was for the foreclosure of a mortgage, which was executed by said Henry Voltz to said David Rawles, on December 11th, 1868, to secure a debt therein described, and conveying the premises described in appellant's complaint, as a security for such debt, said Henry Voltz being at the time the owner of said premises. Wherefore, etc.

We are of the opinion that the court committed no error in overruling appellant's demurrer to appellees' answer. The facts alleged therein were sufficient to show that the appellant's inchoate title to and interest in the premises in contro-

versy, as the wife of Henry Voltz, would not vest and become absolute in her, in such manner as to enable her to maintain an action of partition therefor, during the lifetime of her husband, and unless she survived him. In the act of March 11th, 1875 (sec. 2508, R. S. 1881), it was provided as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

In the case at bar, the sale of the real property of Henry Voltz was made under a judgment, rendered after the taking effect of the act of March 11th, 1875, which judgment did not direct the inchoate interest of his wife, the appellant, in such property to be sold, or barred by such sale. The appellant's case, therefore, comes within the letter of the statute. But the allegations of the appellees' answer, which were conceded to be true by the appellant's demurrer, show that the judgment, under which the sale was made, was rendered upon a mortgage executed by Henry Voltz, upon the real property in controversy, on the 11th day of December, 1868, and long prior to the taking effect of the act of March 11th, 1875. Under the law as it existed at the date of such mortgage, the appellant's inchoate interest in the mortgaged property would not vest or become absolute in her, except upon the possible

contingency that she should survive her husband, which contingency might never happen, and, therefore, as against her, the mortgagee took the entire property by his mortgage, as a security for the mortgage debt, subject only to the possible contingency that she might survive her husband. It can not be held, therefore, that the act of March 11th, 1875, is applicable to such a case as is shown by the facts averred in appellees' answer; for, if the act were applicable to such a case, its effect would be to impair the obligation of the mortgage contract, and, that far forth, the act would be unconstitutional and void. The Constitution of the United States, the supreme law of the land, expressly declares that no State shall pass any law impairing the obligation of contracts. Section 10, R. S. 1881. It follows, therefore, that the appellant's inchoate interest in the real estate of which she seeks partition, has not vested, and will not vest and become absolute in her unless and until she shall survive her husband, Henry Voltz.

This conclusion is supported by and is in harmony with several cases recently decided by this court. *McGlothlin* v. *Pollard,* 81 Ind. 228; *Parkham* v. *Vandeventer,* 82 Ind. 544; *Baker* v. *McCune,* 82 Ind. 585; *Helphenstine* v. *Meredith,* 84 Ind. 1.

The judgment is affirmed, with costs.