No. 10,055.

FERRIS ET AL. v. REED.

MARRIED WOMAN.— *Wife's Inchoate Interest.—Judicial Sale.—Act of 1875.— Mortgage.*—The act of 1875, concerning inchoate rights in lands sold at judicial sales, does not apply to a sale under a mortgage executed before the passage of that act.

PARTITION.—*Counter-Claim.—Practice.*—In an action for partition, the re-
spective claims and rights of the parties may be put in issue and deter-
mined, and for that purpose a counter-claim may be filed.

From the Fayette Circuit Court.

*H. Berry* and *F. Berry,* for appellants.

*B. F. Claypool, L. W. Florea* and *J. H. Claypool,* for ap-
pellee.

WOODS, C. J.—The appellee obtained a judgment in par-
tition, setting off to her one-third in fee of certain real estate.
The appellants, besides their answers to the petition of the ap-
pellee, filed a counter-claim, to which the court sustained a
demurrer, and this is the only ruling which we are asked to
review.

The counter-claim is to the effect that John H. Reed, the
husband of the appellee, was the sole owner in fee of the
lands in question, and, in March, 1874, mortgaged the same
to Mary Hawkins to secure the payment to her of two prom-
issory notes, each for $500; that the appellee joined in the ex-
ecution of this mortgage; that afterwards John H. Reed ex-
ecuted two other mortgages upon the land, in the making of
one of which only the appellee joined; that the first named
mortgage was assigned to one of the appellants for the use of
all of them; that in 1877 they caused an action for foreclo-
sure to be brought in the Fayette Circuit Court against the
mortgagors and junior mortgagees, and such proceedings
were had upon the complaint and upon cross complaints filed
by the junior mortgagees, that a decree of foreclosure of all
of the mortgages was duly entered against said John H.
Reed, but that for reasons stated the decree, as against the
appellee, was null and void; that, after the rendition of the
decree, the holders of the junior liens assigned them to one
of the appellants for the use of them all; that upon a copy
of the decree they caused the land to be duly sold by the
sheriff, and one of their number, for their use, bid off the
property in fee, for the entire amount due on the decree, and,

at the end of the year allowed for redemption, received of the sheriff a deed; that until after the execution of this deed they had no knowledge or notice that the decree of foreclosure was not binding upon the appellee. The prayer of the counter-claim is, that a proper equitable adjustment of the rights and interest of said Ann Reed and the said defendants in the mortgaged real estate be made in this action; that the equity of redemption of said Ann Reed as to the mortgages which she joined in executing be barred and foreclosed.

If the facts alleged had been pleaded in bar of the petition, it is evident that the defence would have been complete; because, the first mortgage having been made by the husband on his land before the taking effect of the act of March 11th, 1875, the wife's inchoate interest, even if she had not joined in executing the mortgage, is not affected by that act. *McGlothlin* v. *Pollard*, 81 Ind. 228; *Helphenstine* v. *Meredith*, 84 Ind. 1; *Parkham* v. *Vandeventer*, 82 Ind. 544; *Lease* v. *Owen Lodge, etc.*, 83 Ind. 498.

It may be, as counsel for the appellee have argued, that, having bid off the land for the full amount of the decree, obtaining thereby the title of John H. Reed, and having taken no steps to set aside the sale, and the consequent satisfaction of the decree (if such steps were possible), the appellants can not now have a decree of foreclosure against the appellee; but, conceding, without deciding, this to be so, we think it clear that, on the facts stated, the appellants were entitled to a determination of the relative rights of themselves and the appellee in the land; that is to say, that they owned the entire land, subject only to her inchoate right to one-third in case she survived John H. Reed.

In an action for partition the respective claims or titles of the parties may be put in issue and determined. It follows that a counter-claim filed for that purpose is proper. *Godfrey* v. *Godfrey*, 17 Ind. 6; *Martindale* v. *Alexander*, 26 Ind. 104; *Milligan* v. *Poole*, 35 Ind. 64; *Stafford* v. *Nutt*, 35 Ind. 93; *Schee* v. *McQuilken*, 59 Ind. 269; *Schafer* v. *Schafer*, 68

---

---

Ind. 374; *McFerran* v. *McFerran*, 69 Ind. 29; *Blakely* v. *Boruff*, 71 Ind. 93; *Crane* v. *Kimmer*, 77 Ind. 215; *Miller* v. *Noble*, 86 Ind. 527.

Judgment reversed, with instructions to overrule the demurrer to the counter-claim.