No. 9905.

## VERMILLION v. NELSON.

BILL OF EXCEPTIONS.—*Evidence.*—When a bill of exceptions declares that it contains all the evidence, it will be so regarded unless it clearly appears otherwise.

MARRIED WOMAN.—*Wife's Inchoate Interest in Real Estate.—Judicial Sale.— Mortgage.—Partition.—Statute Construed.*—Upon a judicial sale of the lands of the husband, under a decree of foreclosure of a mortgage made prior to 1875, saving from sale the inchoate interest of the wife, she has no right to partition during the life of the husband, the statute (R. S. 1881, sec. 2508) not being applicable.

From the Henry Circuit Court.

*H. D. Thompson, T. B. Orr, J. H. Mellett* and *E. H. Bundy,* for appellant.

*C. D. Thompson, W. R. Pierse, C. B. Gerard, M. S. Robinson* and *J. W. Lovett,* for appellee.

ELLIOTT, J.—The questions which it is the purpose of this appeal to present can not be understood or decided without an examination of the entire evidence given upon the trial, and if the appellee is correct in asserting, as she does, that it is not all in the record, we can not examine the questions sought to be presented. Our first duty, then, is to ascertain whether the bill of exceptions does show that all the evidence is carried into the record; for it is well settled that questions requiring for their correct decision an examination of the whole evidence can not be considered unless the record contains all the evidence given upon the trial.

The appellee is right in asserting that, although the bill contains the usual clause, " and this was all the evidence given on the trial," and yet affirmatively shows that some is omitted, the omission will be fatal to the appeal in the class of cases we have named.

The question in the case before us is whether the bill of exceptions does affirmatively show that some evidence is omitted. We copy so much of it as bears upon the question.

It is as follows: "The above entitled cause is submitted to the court for trial upon the following evidence, to wit: 1st. A certified transcript of the proceedings, judgment and decree of the circuit court of Madison county, Indiana, in the case of *Uriah C. Vermillion* v. *John Nelson et al.*" This recital is followed by a copy of the decree, sheriff's return and deed, but neither the pleadings nor order-book entries are set forth. The bill closes with the usual formula. The contention of appellee's counsel is that the bill shows that the pleadings and entries were given in evidence, and are omitted from the bill. We can not adopt this view. In our opinion the recital that the parties submitted the cause for trial upon certain designated evidence taken in conjunction with the statement, "and this was all the evidence given upon the trial of the cause," shows that the evidence is all in the bill. Where the bill contains the statement of the court that all the evidence is incorporated, it requires a clear affirmative showing that there has been an omission. If the omission does not clearly appear upon the face of the bill the statement of the court will prevail.

The appellee claims a right to one-third of the land in controversy, as the wife of John Nelson. The appellant claims title to the whole of the land under a sheriff's sale made upon a mortgage executed by the appellee and her husband to him in September, 1874. The appellant insists that the decree of foreclosure, upon which his title rests, vested title in him to the whole of the land, subject only to the right to redeem within the year, and that the expiration of the year from the date of sale terminated this right. The appellee contends that the decree reserved her interest from sale, and entitles her to partition.

The decree is the sheriff's authority to sell, and he can not rightfully sell any other interest in the land described in the decree than that which it directs him to sell. Whatever title the appellant has must, therefore, depend upon the interest which the decree rendered in his suit directed the sheriff to

sell.  We copy from the decree the clauses which affect the rights of the appellees.  The first is this: "The court further finds that the said Clarinda Nelson has an equitable interest in said real estate by reason of being the wife of John Nelson, to wit, the one-third thereof in value."  The second of these clauses follows the order directing the sale of the mortgaged premises, and reads thus: "Subject to any inchoate interest of said Clarinda Nelson in said real estate."  The third clause reads as follows:  "If any of the land shall remain unsold, then.the part so remaining unsold shall revert back to, and the title be vested in, the said Clarinda Nelson as if she never had conveyed the same."  We think it clear that the court did not order the interest of Clarinda Nelson to be sold.  On the contrary, the language used plainly excepts her interest from sale, and directs only that of the husband to be sold.  The sale was ordered to be made subject to her rights, and these were fixed at the value of one-third of the land.  As the rights of the appellee were thus excepted from sale under the decree the purchaser could not, by any possibility, have acquired them.

The appellant obtained the decree, and is, of course, chargeable with knowledge of its contents and legal effect.  He knew, in contemplation of law at least, just what the decree ordered sold, and that he could acquire no title to anything more.  If it were conceded that the decree was erroneous the appellant could not prevail, for a decree can not be collaterally impeached for error by one of the parties to the suit. We need not enquire, therefore, whether the court did wrong or not in making provision for selling only the husband's interest in the land.  The question before us is not what the decree should have been, but what it is.

The sheriff's return shows that he offered for sale and sold the land subject to the right of the wife as defined in the decree, and the appellant, having purchased subject to that right, is not in a situation to destroy it and hold the land freed from the interest of the appellee.  We have, then, the case of a de-

Vermillion *v.* Nelson.

cree, expressly saving and protecting the right of the wife from sale, and a sale made pursuant to that decree subject to her right, and we think it very clear that the appellant did not acquire that right by his purchase.

We do not, however, regard the decree as vesting any new or additional rights in the appellee, but as preserving and excepting from sale such as she possessed at the time of the sale, that is, her inchoate right in the land of her husband. As her rights were thus excepted, they still remain in her, and the material enquiry is, what are their nature and extent?

The time of the execution of the mortgage becomes at this point a very material consideration. If it had been executed subsequent to the act of 1875, a very different question would have been presented; but it was executed prior to that act, and is, therefore, not within its provisions. *McGlothlin* v. *Pollard*, 81 Ind. 228; *Parkham* v. *Vandeventer*, 82 Ind. 544; *Helphenstine* v. *Meredith*, 84 Ind. 1; *Voltz* v. *Rawles*, 85 Ind. 198. The appellee having joined in the execution of the mortgage, her interest might have been sold. *Kissel* v. *Eaton*, 64 Ind. 248. As the act of 1875 does not apply to this case, the wife had no right to secure possession of the land in which she retained her interest until after the death of the husband. There is no other law than the act referred to, giving a wife a right to maintain partition during the lifetime of her husband, and, as that act does not apply to cases where a mortgage is executed prior to its enactment, the result is that the appellee can take no rights under its provisions. Although she retains, under the peculiar provisions of the decree against her husband, her interest in the land, yet she can not make it available to defeat the appellant's right to possession during the life of her husband.

Judgment reversed.

Petition for a rehearing overruled.