Bowman v. Mitchell.

No. 11,365.

BOWMAN v. MITCHELL.

MORTGAGE.—*Foreclosure.*—*Notes for Purchase-Money.*—*Alteration.*—*Consent of Husband.*—*Defence by Wife.*—*Answer.*—*Reply.*—In a suit·to foreclose a mortgage given to secure notes for the purchase-money of the mortgaged property, the wife of the mortgagor, who had joined in the mortgage, answered that after the execution of the mortgage, the payee ,of the notes unlawfully, and without her knowledge, fraudulently altered the notes executed by her husband, by inserting a provision that the notes were to bear ten per cent. interest from maturity. To this the plaintiff replied that the alteration was made in the presence, and by the direction and agreement, of the maker.

*Held,* that as the answer was pleaded as a defence to the entire debt secured by the mortgage, and as the wife owned no interest in the real estate, inchoate or otherwise, as against the mortgagee, the debt being for purchase-money of the property, the reply was sufficient..

From the Henry Circuit Court.

*D. W. Chambers* and *J. S. Hedges,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

COLERICK, C.—This action was instituted ·by the appellee against the appellant, and Edmund R. Bowman, her husband, to foreclose a mortgage executed by them upon certain real estate, in Henry county, Indiana, and given to secure the payment of the purchase-money therefor, which was evidenced by certain notes executed by Edmund R. Bowman alone. The appellant filed a separate answer to the complaint, averring that after the execution of the mortgage, the payee of the notes " unlawfully, and without the knowledge of this defendant, fraudulently altered and changed the notes," by inserting therein provisions that the same were to bear ten per cent. interest from maturity.· To this answer a reply was filed, in the second paragraph of which it was averred " that the alteration of the notes sued upon, mentioned in defendant's answer, was made, and the words inserted, in the presence and by the direction of and agreement with said Edmund R. Bowman, the maker of the notes." To this

paragraph of the reply a demurrer was overruled. The issues were tried by the court, and, at the request of the appellant, the court made a special finding of the facts, and stated its conclusions of law thereon, to which conclusions the appellant excepted, and thereupon judgment was rendered in favor of the appellee. The errors assigned are the rulings of the court in overruling the demurrer to the second paragraph of the reply, and in overruling the exceptions to the conclusions of law upon the facts found.

This case has been here before. See *Bowman* v. *Mitchell*, 79 Ind. 84. The sole question then presented merely involved the sufficiency of the answer of the appellant, the substance of which is above set forth, to which a demurrer had been sustained. It was held by this court that the answer was sufficient, and for the error of the court below in sustaining the demurrer thereto the judgment was reversed. It was then said by this court: " The foregoing authorities show that the alteration of the notes alleged in the separate answer of the appellant Mary Bowman, avoided the notes and made the mortgage unavailable as against her husband, Edward Bowman, and therefore unavailable against his wife," and the cause was remanded, with instructions to the court below to overrule the demurrer to the answer, and for further proceedings as to the appellant. In accordance with the instructions so given, the demurrer was overruled, and the reply above set forth was filed. The question now presented is, was the reply sufficient to avoid the answer? It averred, as above stated, that the notes, for which the mortgage was given as security, were altered " in the presence and by the direction of, and agreement with, Edmund R. Bowman, the maker of said notes." By this averment, the truth of which was admitted by the demurrer, it clearly appears that the validity of the notes, which were executed by Edmund R. Bowman alone, was not destroyed or impaired by their alteration, as the alteration was made with his consent, and, therefore, it follows that the mortgage

which was given to secure their payment was available against him. Assuming, in the absence of an averment in the reply to the contrary, that the notes were altered without the knowledge or consent of the appellant, as alleged in her answer, the inquiry arises how was she affected thereby? The mortgage, as shown by its recitals and the averments in the complaint, was given to secure the payment of the purchase-money for the real estate mortgaged, and hence it was not essential to its validity, as against the appellant, that she, as the wife of Edmund R. Bowman, should have joined with him in its execution. The mortgage, whether executed by her or not, was equally valid as a lien upon the entire real estate, as she owned no interest therein, inchoate or otherwise, as against the mortgagee. R. S. 1881, section 2495; *Kissel* v. *Eaton,* 64 Ind. 248; *Baker* v. *McCune,* 82 Ind. 339; *Baker* v. *McCune,* 82 Ind. 585. The demurrer to the reply was properly overruled.

The facts set forth in the appellant's answer were pleaded as a defence to the entire debt secured by the mortgage. If they had been pleaded as a defence by her only to the additional indebtedness created by the alteration of the notes without her consent, a different question from the one now decided would have been presented for our consideration.

The exception to the conclusions of law stated by the court below upon the facts found presents the same question above decided, and, therefore, in view of the conclusion reached and expressed by us, we must hold that no error was committed in overruling the same.

There being no error in the record, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Sept. 20, 1884.