Buser *et al. v.* Shepard *et al.*

Filed Sept. 21, 1886.

---

No. 12,605.

## BUSER ET AL. *v.* SHEPARD ET AL.

SHERIFF'S SALE.—*Wife's Interest in Real Estate.*—*Act of March 11th, 1875.*—*Tenants in Common.*—Where a sale of real estate is made upon a judgment rendered against a husband alone, after the act of March 11th, 1875 (R. S. 1881, section 2508), took effect, whether the judgment was rendered on a contract made before or after the taking effect of such act, the inchoate one-third interest of the wife becomes absolute, as of the date of the sale, in the event of a failure to redeem, and she and the purchaser are thereafter tenants in common.

SAME.—*Sale of Husband's Property.*—*Redemption by Wife.*—In such case the wife has no right to redeem from an execution sale of her husband's two-thirds interest in the land, as such right exists only in favor of one who has such an interest that the right to redeem is necessary for its protection.

SAME.—*Mechanic's Lien Previously Acquired Not Affected by Act of 1875.*—Where a mechanic's lien had attached prior to the taking effect of the act of March 11th, 1875, and the foreclosure and sale were subsequent thereto, such act does not apply, and the wife takes no rights thereunder.

SAME.—*What Complaint to Redeem Must Show.*—A bill to redeem must show on its face that the person seeking to exercise the right has a subsisting interest in the land, derived from the person whose contract or obligation created the lien, or that such interest in some way springs out of the general equity of redemption of such person.

SAME.—*Insufficient Complaint.*—A complaint by a wife who seeks to redeem from an execution sale, which merely shows that at the time of the sale her husband was the fee simple owner of the real estate, and that she was his wife, and not a party to the judgment, does not state a case entitling her to redeem after the year allowed by statute.

SAME.—*Purchaser Pendente Lite.*—One who acquires an interest in property while it is the subject of litigation, is as conclusively bound by the result of a pending suit, as if he had been a party to it from the outset, and his right to redeem must be exercised within one year from the date of the sale.

From the Marion Superior Court.

*R. Denny* and *W. Patterson,* for appellants.

*V. Carter,* for appellees.

MITCHELL, J.—The complaint in this case was in two paragraphs. The first presented an ordinary action for the partition of real estate, and for an accounting for rents and profits by the tenant in possession.

The plaintiff set up that she acquired her interest in the property by virtue of her marital relation with her husband, Jacob N. Buser, who formerly owned the land, and whose interest had been transferred under a judicial sale, through mesne conveyances, to the defendant Shepard. Her claim was, that upon the sale of her husband's two-thirds interest, she became vested with an estate in fee simple in the undivided one-third, under the act of March 11th, 1875.

The second paragraph of the complaint was in effect a bill by the appellant, Rebecca M. Buser, to redeem.

This paragraph alleges, in brief, that a mechanic's lien attached to the land in controversy, January 14th, 1875. It is

averred further that on the 17th day of November, 1875, a suit was instituted to foreclose this lien, and that a decree and order of sale were entered therein March 3d, 1877. A sale was made on the 6th day of October, 1877, and through certain mesne conveyances from the purchaser at such sale, the title was transferred to the appellee Shepard. The complaint contains an averment that at the date of such sale the appellant's husband, Jacob N. Buser, was the fee simple owner of the land, and that the plaintiff, Rebecca M. Buser, was not a party to the decree of foreclosure. She offered to pay any sum which might be found due after taking an account of the rents and profits, and prayed the intervention of the court to fix the terms upon which she should be permitted to redeem.

A demurrer was sustained to this last paragraph of the complaint, and this ruling presents the first question for consideration. The argument in support of the ruling of the court assumes, that because the sale under the decree of foreclosure of the mechanic's lien was not made until after the act of March 11th, 1875, came in force, the appellant, as the wife of Jacob N. Buser, upon such sale, became vested with an absolute title in fee to the undivided one-third of the land sold, and that she had therefore no interest or right of redemption in the other two-thirds, which, it is contended, the purchaser acquired under the sale, free from any right of redemption by the wife.

The effect of the act of March 11th, 1875 (section 2508, R. S. 1881), is such that in all cases of judicial sales of real property—by which is meant all sales which rest on the judgment, or are made under the supervision of a court—in which a married woman has an inchoate interest, which by the judgment is not directed to be sold or barred, such interest becomes absolute, and vests in the wife in the same manner and to the same extent as if the husband should die on the day of the sale. The language of the act, literally applied, sustains the position assumed on behalf of the appellee, and sup-

ports the conclusion reached by the court below. The statute has not been, and can not in all cases be so applied.

Where sales of real estate are made upon judgments rendered against a husband after the act took effect, whether such judgments were rendered on contracts made before or after the taking effect of the act, the hitherto inchoate interest of the wife becomes consummate. *Taylor* v. *Stockwell*, 66 Ind. 505. In such a case the sale and conveyance carry only the undivided two-thirds of the property. The interest of the wife, which prior thereto was inchoate, becomes by the event of an unredeemed sale absolute. Upon the conveyance to the purchaser, the statute consummates in the wife of the execution debtor, by relation, as of the date of the sale, an interest in fee simple, equal to an undivided one-third of the land sold. The purchaser and the wife become thereafter tenants in common of the land previously owned by the husband, neither having any interest, except as such tenants, in the share of the other. *Summit* v. *Ellett*, 88 Ind. 227; *Pattison* v. *Smith*, 93 Ind. 447.

Where this is the case, the wife has no such interest by reason of the sale and conveyance of the two-thirds interest of her husband, as would give her a right of redemption. The right of redemption exists only in favor of one who has an interest in the land sold. This interest may be either legal or equitable, absolute or inchoate. It may have arisen by operation of law or otherwise, but it must be an interest, the security and protection of which render the equitable right of redemption necessary, and it must have been derived mediately or immediately from the mortgagor or judgment debtor. 5 Wait Actions and Def. 427; 2 Jones Mort., section 1055; 3 Pomeroy Eq. Jur., section 1220.

The right of redemption of a tenant in common is confined to such encumbrances as affect as well the interest of the redemptioner as that of the other tenants. *Watkins* v. *Eaton*, 30 Maine, 529; *Gentry* v. *Gentry*, 1 Sneed, 87.

After the wife's interest in the lands of her husband be-

comes consummate under the act of 1875, she has no estate or interest in that part sold, which is the subject of protection. That part which vests in her needs no protection, as it is in no wise affected by the sale. *Opdyke* v. *Bartles*, 3 Stock. (N. J.) 133.

To give the statute under consideration such a construction, as would authorize the wife to redeem from an execution sale of her husband's interest in the land, would render it practically impossible in most cases for a purchaser to acquire an irredeemable title. In suits upon contracts executed by her husband alone, she could not be made a party, and there would be no means of cutting off the wife's right of redemption, except by bringing a suit for that purpose, or by waiting the lapse of time.

This much has been said upon the appellee's theory that the act of March 11th, 1875, controlled in determining the respective rights of Mrs. Buser and the purchaser under the decree of foreclosure referred to in the complaint.

Upon the facts stated in the paragraph under consideration, the statute above mentioned has, however, no application.

It will be observed that the mechanic's lien upon which the decree and order of sale, under which the land was sold, were rendered, attached in January, 1875. This was before the statute in question was passed. It results that at the time the act went into effect, a specific lien had been acquired upon the land, which was in no manner affected by the enactment under consideration. As against this lien, and a sale made in the enforcement of it, the rights of the wife were no greater after than before the passage and taking effect of the act. This conclusion follows necessarily from a due regard to the constitutional provision forbidding the States to pass any "law impairing the obligation of contracts." Const. U. S., art. 1, section 10. One of the legal remedies for the enforcement of a contract in favor of mechanics and material men, was the acquisition and enforcement of a specific lien allowed by law upon the property

which was improved and rendered more valuable by the bestowal of their labor and material upon it. This lien at the time it attached affected not only the two-thirds, but the whole of the property. The foundation of the lien was the contract of the owner of the property with the builder or material man.

Remedies which are available for the enforcement of a contract, at the time and place where it is made, are part of its obligation. It is not to be supposed that the Legislature intended, by the act of 1875, to impair this obligation to any material extent. It was beyond its power to do so. *McGlothlin* v. *Pollard*, 81 Ind. 228; *Vermillion* v. *Nelson*, 87 Ind. 194, and cases cited; *Gunn* v. *Barry*, 15 Wall. 610.

An enactment which would render an existing mechanic's lien, covering an entire property belonging to a husband, subordinate to the right of the wife to take one-third of such property absolutely, would be a material obstruction and impairment of a vested right which accrued under a contract. Since, therefore, the sale was not affected by the provisions of the act of 1875, it is clear the only right of Mrs. Buser, if she had any right at all, was to redeem. *Kissell* v. *Eaton*, 64 Ind. 248; *Ragsdale* v. *Mitchell*, 97 Ind. 458. Whether she had a right of redemption or not, depends upon whether the facts stated in the second paragraph of the complaint show that she had an interest in the property sold, either inchoate or consummate, which put her in privity with the person whose contract created the lien.

A bill to redeem must show on its face that the person seeking to exercise the right has a subsisting interest in the land, derived immediately or remotely from the person whose contract or obligation created the lien, or that such interest in some way springs out of the general equity of redemption of such person. *Grant* v. *Duane*, 9 Johns. 591.

A party claiming an interest under a derivative title must show how that title was derived, so that the defendant may be informed of the nature of the title and interest claimed.

It must appear in such a case, from the facts stated, that the party claiming the right to redeem has derived such an interest in the property sold as entitles him to redeem in the right of the original encumbrancer. This for the reason that the defendant may, upon the facts being fully exhibited which show the plaintiff's interest, admit his claim without further expense. *Smith* v. *Austin*, 9 Mich. 465.

Applying these principles to the case in hand, we find the second paragraph wholly deficient as a bill to redeem. There is an entire absence of any statement which indicates who owned the land when the mechanic's lien attached. The only statement on the face of the complaint, which in any way connects the appellant, Rebecca M. Buser, with the title, is the allegation that at the time of the sale Jacob N. Buser was the fee simple owner, and that the appellant, Rebecca, was his wife. Whether her husband owned the land at the time the lien attached, or whether he claims in the right of the encumbrancer, or otherwise, or whether if he does so claim, he took his title *pendente lite* or not, is left to conjecture. If the title of the appellant's husband was acquired pending the litigation, or after the decree foreclosing the lien was rendered, then both he and the appellant were bound by the decree, and their right to redeem must have been exercised within one year. If he acquired his title from a source other than through the encumbrancer, then she has no right of redemption.

Upon the supposition that the appellant stated her right, in her bill, in the manner most advantageous, all that can be said is, more than one year having elapsed since the sale, her right to redeem does not appear, and the demurrer to the second paragraph of the complaint was therefore properly sustained.

The next error complained of is the overruling of the appellant's demurrer to the second paragraph of the answer to the first paragraph of the complaint.

The substance of this answer, which was directed to that

paragraph of the complaint which sought partition, is in effect that the appellant's husband was the owner of the land when the mechanic's lien attached, on January 14th, 1875; that during the pendency of the suit to foreclose the lien, she and her husband joined in a conveyance to one Myers; that while the suit was still pending Myers reconveyed the land to her husband. Subsequently, a judgment and decree were given, foreclosing the lien, after which, on October 6th, 1879, the land was sold under the decree. By mesne conveyances from the purchaser under this decree, the title has become vested in the appellee Shepard.

As we have already seen, the lien having attached prior to the taking effect of the act of March 11th, 1875, the sale was not within the provisions of that act, and no absolute title vested in the wife. Having been vested with no estate, in no event would she have been entitled to partition. Even if the sale had been within the act of 1875, since, by joining her husband in a conveyance to Myers, she extinguished her inchoate interest for the time being, she was not in a position to claim that the reconveyance from Myers restored her to her original interest, free from the encumbrance of the mechanic's lien. By the reconveyance from Myers, her husband took a new estate in the land, as of the date of such reconveyance. The estate which he then took, as well as the inchoate interest which accrued to his wife, was subject to the existing encumbrance, and the interests of both were bound by the decree which was afterwards given in the suit pending at the time the reconveyance was made. *Hudson* v. *Evans*, 81 Ind. 596; *Truitt* v. *Truitt*, 38 Ind. 16; 2 Pomeroy Eq. Jur., section 632.

One who acquires an interest in property while it is the subject of litigation, is as conclusively bound by the result of a pending suit as if he had been a party to it from the outset. *Bellamy* v. *Sabine*, 1 DeGex & J. 566; *Tilton* v. *Cofield*, 93 U. S. 163; *Smith* v. *Hodsdon*, 3 Atl. R. 276.

As, however, the sale was, for the reasons already given, in

no wise affected by the statute under which it is claimed the appellant's interest became a vested estate, we pursue this branch of the inquiry no further.

This feature of the case, as well as the other questions discussed, which we do not notice in detail, is fully disposed of by the conclusions already reached.

Under the facts which appear in the answer, the appellant had no right except a right to redeem. Having come into whatever interest she had in the land by the reconveyance from Myers to her husband pending the suit, she must have exercised her right to redeem within one year from the date of the sale. Not having done this, upon the facts as they appear, we can not perceive that she is entitled to any remedy.

Judgment affirmed, with costs.

Filed Sept. 21, 1886.