Mr. Justiee-NELSON
 

 delivered the opinion of the court.'
 

 The question upon the provisions of the charter of the railroad company — in connection with the sale of the property by the plaintiff to the corporation, out of which this debt accrued — is, whether a contract, express or implied, existed between him and the stockholder ?
 

 It is asserted* in behalf of the latter, that a contract existed only between the creditors and the corporation; and that the obligation of the stockholder rests entirely upon a statutory liability, destitute of any of the elements of a contract.
 

 Without stopping to discuss the question upon the clause of the statute, we think that the case falls within the principle of
 
 Woodruff
 
 v.
 
 Trapnal,
 

 *
 

 and
 
 Curran
 
 v.
 
 State of Arkansas,
 

 †
 
 heretofore decided in this court.
 

 In the first of these cases, the charter of the bank provided that the' bills and notes ■ of the institution should be received in all payment of debts due to the State. The bank was chartered 2d November, 1886. On the 10th January, 1845, this provision was repealed, and the question was, whether or not, after this repeal, the bills and notes of the bank, outstanding át the time, were receivable for debts due-to the State. The.court held, after a very full examination, that the clause in the charter constituted a contract with the holders of the bills and notes on the part of the State, and that the repealing act was void as impairing the obligation of the contract.
 

 
 *22
 
 In tbe. second ease, tbe charter of tbe bank contained a pledge or assurance that. certain funds. deposited therein should be devoted to the payment of its debts. It was held by the court, that this constituted a contract with the creditors, and that the acts of the' legislature withdrawing these funds were void? as impairing the obligation of the contract.
 

 Now, it is quite clear that the personal liability clause in the charter, in the present ease, pledges the liability or guarantee of the stockholders, to the extent of their stock, to the creditors of the company, and to which pledge or guarantee the stockholders, by subscribing, for stuck and becoming ■ members of it, have assented. They thereby virtually agree to become security to the creditors for the payment of the debts of the company, which have been contracted upon the faith of this liability.
 

 This question has been repeatedly before the courts of the State of New York, and they place the obligation of the. stockholders upon two grounds. ,The
 
 first
 
 is that of contract. In
 
 Corning
 
 v.
 
 McCullough
 

 *
 

 Chancellor Jones, then in the Court of Appeals, observes that the liability of the defendant, upon which the action is grounded, is for the. payment of a debt of the company incurred by- the purchase of merchandise of the plaintiffs, for the use and benefit of the company, and wherein the defendant, as one of the members, was interested, and for which he thereby, and under the provisions of the charter, became and was, concui’rently with the company, from the inception of the debt, personally liable. It is, he says, virtually and in effect, a liability upon, a contract and the mutual agreement of the parties ;■ not, indeed, in foi’m an express personal contract, but an agreement of equally binding obligation, consequent upon- and resulting from the acts and admissions or implied'assent of the parties. The
 
 second
 
 ground is upon the view that the legislature, by subjecting the stockholders to personal liability for the debts of the company, thereby removed the corporate protection
 
 *23
 
 from tbem as corporators, and left them liable as partners and associates as at common law.
 
 *
 

 Tliere is another view of the case, involving a violation of the principal contract between tbe creditors and the’ corporation, which we think equally conclusive against the-judgment of the court below. This view rests upon a principle decided in
 
 Bronson
 
 v.
 
 Kinzie,
 

 †
 

 and thé several subsequent cases of this class. -There Kinzie executed a bond mortgage to Bronson, conditioned to pay $4001) on the 1st of July, 1842, and covenanted, that in case of default, the mortgagee should sell the premises at public auction, and convey them to the purchaser.-' Subsequently to the' execution on the mortgage, the legislature passed a law that mortgagors on a sale of the premises, under a' decree of foreclosure in chancery, should ‘have a right to redeem them at any time within twelve months from the day of sale. By another law it was provided, that when th'é premises were offered for sale,'they should not be struck off unless at two-thirds of a previous valuation. The court held that these acts so seriously affected the remedy of the mortgagee as to impair the obligation of the mortgage contract withiffthe meaning of the Constitution, and declared them void. Now, applying the principle of this class of cases to the present one, by the clause-in. the charter subjecting the property of the stockholder, he becomes liable to the creditor, in case of the ina--bility or insolvency of the company for its debts, to' the extent of his stock. The creditor had this-security .when the debt was contracted with the company over and above its. responsibility. This remedy the repealing act has not merely niódiffed to the prejudice of the creditor, but has altogether abolished, and thereby impaired the obligation of his contract with the company.
 

 We are of opinion, tipon both of the grounds above recited, that the coürt below erred.
 

 JüDGMÉNT REVERSED.
 

 *
 

 10 Howard, 190.
 

 †
 

 15 Id., 804.
 

 *
 

 1 Comstock, 47, 49.
 

 *
 

 Conant
 
 v.
 
 Van Schaick, 24 Barbour, 87.
 

 †
 

 1 Howard, 311.