White, J.
The statutory liability of stockholders involved in the case of Brown v. Hitchcock, arises under section 78 of the act of May 1, 1852, to provide for the creation and regulation of incorporated companies (S. & C. 310); the liability in the other two eases arises under section 8 of the act of April 10, 1861, to provide for and regulate street railroad companies (S. & S. 136).
The first question arising for determination is, when does such liability attach in favor of creditors ?
It was held, in Wright v. McCormack (17 Ohio St. 86), that the liability “ is not a primary resource or fund for the payment of the debts of the corporation; but is collateral and *677 conditional to the principal obligation which rests on the corporation, and is to be resorted to by the creditors only in case of the insolvency of the corporation, or where payment cannot be enforced by ordinary process.”
The question whether the individual or personal liability of stockholders attached in favor of creditors at the time the debt was contracted, or the' liability incurred by the corporation, did not arise in that case. Nor would it be a material inquiry in any case where there was no change in the stockholders from the time of the incurring of the liability by the corporation, tq the enforcement of the personal liability of the stockholders.
The conditional character of the liability spoken of in the ease referred to has reference to the condition to which its enforcement by creditors is subject, and is not intended to in-r dicate that its taking effect as an obligation in favor of creditors is conditional or contingent. The condition to which the liability is subject is, that it is not available to creditors, as a security, until they are unable to obtain payment of theii? demands from the corporation. ¡
The question now is, when does this individual or personal-liability of stockholders to creditors, as a security, in addition, to the liability of the corporation, take effect í not, when may it be resorted to by creditors to obtain payment of their, demands ? ;
. The constitution, in providing for the creation of corpora^ tions by the general assembly, prescribes, as a condition tq, their creation, that the creditors of such corporations, in addition to the liability of the corporation, shall be secured by the individual liability of the stockholders. The constitutional provision is as follows :• — “ Dues from corporations shall be se-; cured by such individual liability of the stockholders, and other^ means, as may be prescribed by law; but in all cases, each, stockholder shall be liable, over and above the stock by him ois her owned, and any amount unpaid thereon, to a further ¡sumí at least equal in amount to such stock.” Art. 13, § 3. , ,
The corporation act of May 1, 1852, above referred to,- was; the first act passed on the subject of corporations aftqr the-adoption of the constitution. Section 78, as amended .April, *678 17, 1854, was intended to carry the constitutional provisino into operation. The section is as follows: “ All stockholders of any railroad, turnpike or plank-road, magnetic telegraph or bridge company, or any joint-stock company organized under the provisions of this act, shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock, for the pwrpose of seorwring the creditors of such company, and the trustees or directors of pvery society or association incorporated under section 66 of this act, shall be deemed and held individually liabl&for all debts contracted by them, for their respective societies or associations.” S. & C. 310 ; 4 Curwen, 2582.
Under these provisions, it seems to us that the security furnished by the stockholder’s liability, in addition to that of the corporation, attaches in favor of creditors at the time the debt is contracted or the liability incui'red by the corporation.
, The coiporation itself is a mere legal entity, existing only in legal contemplation, and is created lor the convenience and benefit of the stockholders. All its dealings are for and on their account. It can contract no debts except under the authority, express or implied, of the stockholders, and through their corporate agents. Our constitution and laws therefore make it an essential condition to persons thus availing themselves of the instrumentality of a corporation for the transaction of business that the security of their personal liability shall attach to and attend all corporate liabilities.
In speaking of this liability of stockholders, in Corning v. McCullough (1 Comst. 47, 55), the court say: “ It is a liability which every stockholder must be understood to assume and take upon himself and to be under to those who deal with the company. Dealers contract with the corporation on the faith of that security for the performance of the contract. The credit they give is giveir, and they trust, as well to the personal liability of the stockholders, as to the responsibility of the corporation for the fulfillment of the engagement; and each stockholder incurs that liability to the creditor the moment the contract of such creditor with the company is consummated.” *And again, on p.'54 it is said: “ It is virtually and in effect a *679 liability upon a contract, and tbe mutual agreement of tbe parties ; not indeed in form an express personal contract, but an agreement of equally binding obligation, consequent upon and resulting from the acts and admissions or implied assent of tbe parties.”
Tbe same principle is laid down by tbe supreme court of tbe United States. Hawthorne v. Calef, 2 Wall. 10. In this last ease it was held that a statute impairing tbe right of existing creditors to resort to such liability of stockholders for payment, was void, as impairing tbe obligation of a contract. See, also, Ochiltree v. Railroad Co., 21 Wall. 219, 252.
In Norris v. Wrenschall (34 Md. 496) and in Hager v. Cleveland (36 Md. 476), tbe stockholders’ liability to creditors is beld to be in tbe nature of a contract. The court say: “ It is a debt under tbe statute, due from tbe stockholder to tbe creditor, springing out of, and co-existent with, tbe contract between tbe corporation and tbe creditor.” And such being its nature, it is also said: “It is clear that no act by tbe stockholder, without tbe consent of the creditor, can exonerate him from tbe liability thus incurred.”
Whether tbe liability is joint and several, or several only, does not affect tbe question as to tbe time at which the-obligation attaches to the stockholder in favor of tbe creditor. In Corning v. McCullough, supra, tbe liability was joint and several ; but before tbe stockholder was liable to suit, there must have been an execution against tbe corporation returned unsatisfied.
In tbe Maryland cases tbe liability was limited and several . only.
Tbe language of tbe constitution is that “ m all eases each stockholder shall Toe liable, over and above the stock by him or her owned . . . to a further sum, at least equal in amount to such stockand of tbe statute that, 11 All stockholders . . . shall be deemed and beld liable to an amount equal to their stock subscribed, in addition to said stock,” &c.
To bold that this language embraces only those who may turn out to be stockholders at tbe winding up or settlement of tbe affairs of tbe corporation is, it seems to us, unwarranted. These *680 provisions are intended to guard against improvidence in contracting debts on behalf of corporations, and to give security to creditors. These objects are best accomplished by attaching the liabilities to those under whose control the corporation is operating, and who' are known to those dealing with it as the persons interested. And certainly, when admissible, such a construction ought to be adopted as will promote these ends.
This view is further fortified by section 74 of the act of 1852, which provides for reducing the amount of the capital stock of corporations, and the nominal value of all the shares thereof; but provides “that the rights of creditors shall not be affected, or in anywise impaired, by the reduction of the capital stock of any such corporation.”
The act of April 3,1868, providing for the reduction of capital stock, contains in section 5 a similar provision, applicable to corporations not created under the act of 1852. S. & S. 242.
The next question is, whether, after the liability attaches to a stockholder, it is discharged by the subsequent assignment or transfer of his stock. "VYe think it is not. The liability, it is true, attaches to him in respect to his stock, but aftér it has attached' in favor of creditors it becomes as obligatory upon him personally as an express agreement. Ilis successive assignees or holders, by accepting the stock and all the rights and benefits arising therefrom, impliedly undertake to indemnify or discharge him from the liability which attached to him as a stockholder while he held the stock.
Each successive owner*, stands in his shoes as respects the stock and the liabilities growing out of it. This arises out of the nature of the property and the relations of the parties to it and to creditors, iu connection with the equitable principle that he who derives all the advantages ought to bear the burdens. For applications of this principle see Sutliff v. Atwood, 15 Ohio St. 186, 194; Johnson v. Underwood, 52 N. Y. 203, 211; Hodkinson v. Kelly, L. R. Eq. C. 6, 496, 503 ; Cape’s Ex’r’s. Case, 2 De Gex, M. & G. 562; In the Matter of the Mexican & S. A. Co., Giesewood & Smith’s Case, 4 De Gex & J. 544, 555.
*681 • The expression, “ all stockholders,” must be regarded, in the absence of any legislative indication to the contrary, as including not only those who were such at the time the indebtedness was incurred, but all those who successively stand in their shoes in respect to the same stock.
The extent of the liability is not increased, whether the stockholder first liable retains the stock or transfers it; and the extent of -the security of the creditors, both as to the stock and the personal liability, is the same as it would have been if no-transfers had been made.
In a suit to enforce the liability against the stockholders of the insolvent corporation, the existing stockholders are severally chargeable with such liability. If, by reason of insolvency, the amount due from any stockholder is not collectible, the assignors of his stock successively, up to the time the liability attached, may be charged with the deficiency. Such suit, in this state, must be in equity, and prosecuted for the benefit of all the creditors. Umsted v. Buskirk, 17 Ohio St. 113. And where equity has jurisdiction, the liabilities of the parties are so marshaled as to first charge those who, as between themselves, are ultimately liable.
The constitution of the state of New York of 1816'(article 8), declares that all dues from corporations shall be secured by such individual liability of the corporators and othor moans as may be prescribed by law; and that stockholders in every banking association, issuing bank notes after January 1, 1850, shall be individually responsible to the amount of their respective shares for all its debts and liabilities contracted after that date. State Constitutions, part 2, 1363.
April 5, 1819, the legislature of that state passed an act to enforce this responsibility of stockholders in banking corporations. 1 Statutes at Large, 151. Section 3 of the act declares this responsibility to attach primarily to the person who is a stockholder at the time the debt or liability is contracted by the company; but also provides that it may be shifted entirely from him to another, declaring that lie shall be exonerated in respect to any stock which shall have been transferred on the books of the company (previous to any default in the payment *682 of the debt or liability) to a resident of the state, of full age, in g.ood faith, and without any intent to evade such responsibility; and the assignee is made responsible to the extent of such stock in the same manner as if he had been the owner at the time of the contracting of the debt, with the same power to transfer this liability to another by like assignment.
Without a transfer, as therein provided, it is evident the liability of the stockholder who was such at the time of the contracting of the debt, would continue as to the creditor.
The constitutionality of this act was upheld in the case of the Empire Bank, 6 Abb. Pr. 385; s. c., 18 N. Y. 199.
The provision in our constitution as to individual liability, is modeled after that in the New York constitution, though somewhat varied in terms; and the principle of liability, as applied to banking corporations in New York, is declared by our constitution to apply to all corporations.
The constitution of California, adopted in 1819, in article 1 provides:
“ Section 32. Dues from corporations shall be secured by such individuad liability of the corporators and other means as may be prescribed by law.”
“ Sec. 36. Each stockholder of a corporation or joint stock association shall be individually and personally liable for his ¡proportion of all its debts and liabilities.” State Constitutions, pt. 1, 199.
It was held in French v. Techemaker, 21 Cal. 539, that section 36 was not self-executing, but required legislation to carry it into operation. In the subsequent case of Larrabee v. Baldwin, 35 Cal. 155, it rvas held that the legislature had power to limit the stockholders’ liability to his proportion of all the debts and liabilities of the company contracted or incurred during the time he was a stockholder*.
In England, under the joint stock companies act of 1862, a person who has ceased to bo a member for a year or upwards, prior to the commencement of winding up proceedings, is not liable to contribute to the payment of debts, nor is a past member liable to contribute with respect to a debt or liability contracted by the company after he ceased to be a member; and *683 no past member can be required to contribute unless the existing members are unable to'pay. Wordsworth on Joint Stock Companies, 59, 60.
In the eases before us, the general assembly have not undertaken to prescribe the extent of the liability nor to regulate its enforcement, further than to adopt the minimum liability allowable by the constitution, leaving it to be enforced by the judiciary upon such legal and equitable principles as should be found appropriate to the subject.
It is said, in Umstead v. Buskirk, supra, that “ the right arising out of this liability is intended for the common and equal benefit of all the creditors; ” but no question there arose as to the liability of successive stockholders of the same stock, as between themselves or to creditors, and that language must be understood as limited to the case then before the court.
The language cf section 8, in the act regulating street railroad companies, is as follows: “ The stockholders of every company organized under this act, shall be liable for the dues of such company over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum equal in amount to such stock.”
This section does not substantially differ from that already considered in the corporation act of 1852, and. the liability of the stockholders to the creditors is the same in both.
In the case of Brown, the judgment is reversed, the demurrer to amended petition overruled, and cause remanded.
In the case of Kilgour, the judgment in general term is reversed and that of the special term is affirmed.
In the case of Winters et ak, the judgments are reversed and the cause remanded for marshaling of the liabilities of the stockholders according to the principles above stated.