## CLOSE v. NOYE.

### (Superior Court of Buffalo, General Term.　July, 1893.)

STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—CONSTITUTIONAL LAW.
> Stockholders of the A. Co. were liable for corporate debts until the whole amount of capital stock was fully paid. Afterwards, Laws 1892, c. 688, was enacted, declaring (section 54) that stockholders should be liable for corporate debts only until the whole amount of capital stock "issued and outstanding at the time such debt was incurred shall have been fully paid." *Held*, that section 54 is unconstitutional as to a creditor whose debt was incurred before the act was passed, though the right to amend charters of corporations was reserved by the legislature. Hawthorne v. Calef, 2 Wall. 10, followed.

Appeal from trial term.

Action by Charles J. Close against Richard K. Noye to recover of defendant an amount due on notes given by the American Bit Brace Company, a corporation, of which defendant was a stockholder. From a judgment in favor of plaintiff, (23 N. Y. Supp. 751,) defendant appeals. Affirmed.

At the time plaintiff's debt was incurred the liability of defendant as a stockholder of such corporation existed to an amount equal to the amount of stock held by him for every debt of the corporation until the whole amount of capital stock was fully paid. After the debt was incurred, Laws 1892, c. 688, § 54, was enacted, providing that stockholders should be liable for corporate debts

only until the whole amount of capital stock "issued and outstanding at the time such debt was incurred shall have been fully paid."

Argued before TITUS, C. J., and WHITE, J.

A. Moot, for appellant.

Simon Fleischman, for respondent.

WHITE, J. I am for an affirmance of the judgment appealed from solely on the authority of the case of Hawthorne v. Calef, 2 Wall. 10, which seems to hold that, notwithstanding the reservation by the legislature of the right to amend charters of corporations, the act of 1892 is unconstitutional as to the plaintiff in this action.

TITUS, C. J., concurs. HATCH, J., did not sit.