*WM. C. SCOFIELD V. EXCELSIOR OIL CO. ET AL.

1. APPEAL TO CIRCUIT COURT BRINGS UP ALL QUESTIONS UPON PLEADINGS (LAN. R. L. 8734).

    An appeal from the common pleas to the circuit court brings up all questions upon the pleadings, whether raised by demurrer or otherwise, in the same manner as they would be raised had the latter court had original jurisdiction of the case. Such practice is not opposed to Lan. R. L. 8734 (R. S. 5225).

2. ADDITIONAL ALLEGATIONS MAY BE MADE IN SUPPLEMENTAL PETITION, WHEN.

    Where the petition in an action to enforce the liability of stockholders was held insufficient merely because it did not allege that a judgment had been recovered against the corporation, which remained unsatisfied for want of property whereon to levy, a supplemental petition adding such allegation to the allegations of the original petition, but in no other way changing the original petition, will not be stricken from the files on account of such additional allegation.

3. JUDGMENT AGAINST CORPORATION RES ADJUDICATA AGAINST STOCKHOLDERS, ETC.

    A judgment against the corporation for an indebtedness, which still remains in full force and effect, and unreversed, is *res adjudicata* against the stockholders as to the amount of the indebtedness in an action against them to enforce their liability.

4. LIABILITY OF STOCKHOLDER FOR CORPORATE DEBTS NOT DISCHARGED BY TRANSFERRING STOCK (LAN. R. L. 5202).

    Prior to the amendment of Lan. R. L. 5202 (R. S. 3258) on April 29, 1902 (95 O. L. 312), the liability of stockholders to creditors for corporate debts attached at the time the debt was created, and was not discharged by the subsequent transfer of the stock.

5. STOCKHOLDERS STILL LIABLE FOR DEBTS CONTRACTED WHILE HOLDERS OF STOCK UNDER LAN. R. L. 5202.

    A stockholder of an Ohio corporation is not relieved from liability to creditors for debts contracted while he was a stockholder by the act of April 29, 1902 (95 O. L. 312), amending Lan. R. L. 5202 (R. S. 3258), notwithstanding the debts did not become due and enforcible until after the passage of said act, and until after he had transferred his stock. A construction which would restrict the liability of stockholders to such debts as were due and collectible before they transferred their stock, would render said act obnoxious to Sec. 16, Art. 5 of the constitution.

APPEAL from Cuyahoga common pleas court.

---

*Subsequent decision on motion for new trial. See *ante,* 318.

**Henderson & Quail,** for plaintiff.

**Goulder, Holding & Masten,** for defendants.

MARVIN, J.

This case comes to this court by appeal from the judgment of the court of common pleas.

The questions to be determined relate to whether the defendant, Lester A. Cobb, is liable in any sum to the plaintiff.

Scofield originally brought his suit claiming to be a creditor of the Excelsior Oil Company, which is a corporation, setting out an indebtedness of the corporation to him; that the corporation was without assets and was insolvent; that the defendant, Cobb, was a stockholder in the corporation at the time the indebtedness was created; that he transferred his stock to Charles E. French, who thereafter transferred the same to J. B. Huston. Said French is insolvent, and said Huston died insolvent in 1894. The prayer was for a recovery against Cobb for a proportionate share of such indebtedness determined by the amount of stock held by him when the indebtedness was created.

Upon a trial had in this court it was held upon the evidence that the corporation was indebted to plaintiff in the sum of $149,016.67, with interest from January 9, 1900, and such holding was made upon the evidence of original indebtedness and transfers of claims made to him.

Upon proceedings in error in the Supreme Court, it was there held that the allegations of the petition were not sufficient to entitle the plaintiff to relief against the stockholders in that no allegation was made that a recovery had been obtained against the company, and that upon execution being issued, no property was found out of which the same could be satisfied, and the case was remanded to the court of common pleas, where it originated, for further proceedings.

Thereafter said plaintiff brought suit in the court of common pleas of Cuyahoga county against said oil company for said indebtedness. Appearance of the company was entered by its attorneys, and upon hearing, the plaintiff recovered judgment against the company for the sum of $98,497.20, together with costs, said judgment bearing interest from September 22, 1902.

On leave granted, plaintiff, after obtaining such judgment, filed a supplemental petition in this action, setting up the recovery of this judgment; that execution had been issued thereon; that no property of the company was found whereon to levy, and that no part of said judgment has been paid.

Motion was made in the court of common pleas and renewed here, to strike this supplemental petition from the files. This motion was over-

Scofield v. Oil Co.

ruled at the time of the hearing, the court reserving the final determination of what should be done therewith until after the case had been heard. Such hearing has been had, and it becomes our duty now to determine whether such motion should have been sustained by this court.

On the part of the plaintiff it is urged that this question is not properly here; that the question was one of discretion with the court of common pleas and its determination must be final unless such discretion was abused. In support of this, reliance is had upon Lan. R. L. 8734 (R. S. 5225) which provides that, when a case is appealed from the court of common pleas to the circuit court, the trial shall be conducted in the latter court ''in the same manner as in the common pleas court, and upon the same pleadings, unless amendments are permitted or ordered by the circuit court.''

This proposition of the plaintiff is not sound. The construction sought to be given to this section is against repeated holdings of the courts. It has been held many times by this court that an appeal brings up questions upon the pleadings in the same manner as such questions would be raised had this court had original jurisdiction of the case. To hold otherwise would be to hold that if a petition or answer to which a demurrer had been filed but not sustained, but which clearly ought to have been sustained, that upon an appeal the court could not pass upon that question of pleadings. We hold otherwise. It has been repeatedly said that the appeal brings up the demurrer and all questions raised on demurrer. We hold, therefore, that the motion to strike off this pleading is properly here.

In support of this motion it is urged that, since the Supreme Court has held that the facts as they existed at the time the suit was brought, were not such as to entitle the plaintiff to recover at all, that he cannot, by the creation of subsequent facts, be permitted to bring such facts into his original action and proceed thereon.

We think this contention is not sound.

The supplemental petition in this case only added to the allegations of the original petition that judgment had been recovered by plaintiff against the company on the indebtedness set out in the original petition, and failure to obtain any property upon execution with which to satisfy said judgment. It made no claim for an indebtedness not claimed in the original petition, nor did it make any new allegation as to the actual insolvency of the company, but only set out the facts occurring after the bringing of the suit, which the law requires in a proceeding of this kind as evidence of such insolvency before suit can be maintained against the stockholders.

Cuyahoga County.

In the case of *Gibbon* v. *Dougherty*, 10 Ohio St. 365, it is held that, where in aid of execution on a judgment, the judgment creditor brings an action to subject to the satisfaction of his judgment, the debt of a debtor of the judgment debtor, and such debtor of the judgment debtor is served in the action, the fact that after such service, the judgment upon which the action is brought is set aside at a subsequent term for irregularity, and a new judgment is entered, it is proper to set up such facts in a supplemental petition and proceed with the action.

In the opinion, on pages 371 and 372, this language is used by the court:

"The subject-matter of the suit and the parties in the action, as well as the object of the suit, all continued to be before the court. The substantial object was the payment of the debt of the judgment debtor; and the reversal of that judgment for an irregularity, was in no sense an intimation of its payment, or a relinquishment of the claim of the plaintiff to enforce its payment in the manner and by the means expressed in the petition. The law, which never requires a vain thing, would not, therefore, require a plaintiff, after having the irregularity in the judgment cured by a new judgment expressing the same debt, incur the delay and expense of dismissing the suit and commencing *de novo,* when the entire proceeding could be perfected by a supplemental petition. And our practice, as regulated by the code, shows still less favor to objections merely technical. A supplemental petition was always regarded as only ancillary to the original petition. Its office is to bring before the court some event which has happened subsequently to the commencement of the suit. The plaintiff does not thereby withdraw any allegation in his original petition not inconsistent with the averments in the supplemental petition. If, therefore, the plaintiff had even neglected to make, as he has done in this case, special reference in his supplemental petition to his original petition, he would still have been entitled to the full benefit of the same."

1 Nash, Pleading & Practice page 288 and following, discusses this question, and cites authorities and quotations in brief of counsel for plaintiff are made from them, and we think the holding as enunciated here is in full accord with these authorities.

We therefore overrule the motion to strike the supplemental petition from the files.

A great amount of evidence was introduced on the question of whether the company was indebted to the plaintiff. The transactions of the parties from the beginning of their business relations up to the time of the bringing of the suit was gone into. From this evidence we

Scofield v. Oil Co.

find that the oil company was, at a time when Cobb was a stockholder, indebted to the plaintiff; that the subsequent holders of the stock which had formerly been owned by Cobb were insolvent; that all of the solvent stockholders, other than Cobb, have paid their proportionate share of such indebtedness, and that the liability of Cobb must depend upon whether the plaintiff is still a creditor of the corporation. A judgment has been obtained, as hereinbefore stated, by the plaintiff against the corporation, for $98,497.20 together with costs, and drawing interest from September 22, 1902. Except by contributions of stockholders, nothing has been paid upon this judgment. The judgment is still in full force and, as we hold, establishes the fact of the indebtedness to the amount of such judgment.

Without going into a discussion of the facts as to any indebtedness other than such as is shown by this judgment, we only say that viewing such evidence as we now view it, and considering the fact that plaintiff brought suit for only the amount recovered, we find that the amount of the indebtedness of the company to the plaintiff is fixed by said judgment. If it is said that this is not consistent with the finding of this court in the case before, the only answer we have to make is, that the court as now constituted would not find upon the facts as we found before.

It was suggested in argument that the defendant, Cobb, was not liable to respond in this action because of the wording of Lan. R. L. 5202 (R. S. 3258) as amended April 29, 1902. The section as amended reads:

"The stockholders of a corporation who are the holders of its shares at a time when its debts and liabilities are enforcible against them, shall be deemed and held liable, equally and ratably  *  *  *  and no stockholder who shall transfer his stock in good faith, and such transfer is made on the books of the company, or on the back of the certificate of stock properly witnessed or tendered for transfer on the books of the company prior to the time when such debts and liabilities are so enforcible, shall be held to pay any portion thereof."

Before the amendment the section read:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable," etc.

Under the statute before the amendment the holding of the Supreme Court is, that the liability of the stockholder attaches at the time the debt is created, and is not discharged by the subsequent transfer of the stock. *Brown* v. *Hitchcock*, 36 Ohio St. 667.

Cuyahoga County.

In that case Judge White in the opinion discusses at considerable length the nature of the stockholders' liability, quoting from the decisions of other courts with approval, where it is held that the liability is in the nature of a contract made by the stockholder when he becomes such. Among such quotations is the following from *Corning* v. *McCullough*, 1 N. Y. (1 Comst.) 47, 59 [49 Am. Dec. 287]:

"It is virtually and in effect a liability upon a contract, and the mutual agreement of the parties."

Also from *Hager* v. *Cleveland*, 36 Md. 476:

"It is a debt under the statute, due from the stockholder to the creditor, springing out of, and coexistent with, the contract between the corporation and the creditor. * * * It is clear that no act of the stockholder without the consent of the creditor, can exonerate him from the liability thus named."

In *Hathorn* v. *Calef*, 69 U. S. (2 Wall.) 10 [17 L. Ed. 776], it is said in the syllabus:

"A statute repealing a former statute, which made the stock of the stockholders in a chartered company liable to the corporation's debts, is as respects creditors of the corporation existing at the time of the repeal a law impairing the obligation of contracts, and void."

If, then, the amended section is construed to mean that the stockholder is liable only for such debts as have matured and upon which suits could be at once brought before the stock was transferred, it would be void as obnoxious to Sec. 16, Art. 8 of the constitution of 1802, which reads:

"No * * * law impairing the validity of contracts, shall ever be made," etc.

We think, however, it was not the intention of the legislature by this amendment to restrict the liability of the stockholders to those debts which are due and collectible before the stock is assigned, but only to such as are incurred while the stock is held by such stockholder, and are enforcible when they become due, against the corporation, hence the liability of defendant, Cobb, is in no wise affected by this amendment of the statute.

We reach the conclusion, therefore, that the plaintiff is entitled to the rights of a creditor to the amount of his judgment; that Cobb is liable to him as a stockholder to the amount of his *pro rata* share of the stock held at the time the debt was contracted. This is 42-1700ths of the entire judgment. Decree will be entered accordingly.

This is an opinion of the majority of the court only.

**Hale, J.,** does not concur.

**Winch, J.,** concurs.