7504

WETMORE, RECEIVER, v. SCALF.

INSURANCE—PARTIES—LIENS—JURISDICTION.—The Court of Common Pleas of the county of the residence of an insolvent mutual fire insurance company may bring into an action to wind up the affairs of the company as parties defendant all the members of the company alleged to be in arrears that it might assess and adjudicate their liability without respect to their places of residence, and it may enforce any liens on the lands of such members without respect to its location.

Before DeVore, J., Spartanburg, October, 1909. Affirmed.

Action by S. M. Wetmore, Receiver, against H. R. Scalf. From order overruling demurrer, defendant appeals.

*Messrs. Jas H. Price and Geo. M. Pritchard,* for appellant, cite: *Question of jurisdiction may be raised at any time.* 16 S. C., 276; 24 S. C., 392; 25 S. C., 385; 49 S. C., 29; 53 S. C., 198. *Defendant must be sued in the county of his residence:* Code of Proc., 146, 147, 144; 25 S. C., 587; 53 S. C., 198; 5 Pom. Eq. Jur., 366. Code, 1902, 1915; 53 S. C., 583; 159 U. S., 536.

*Mr. J. W. Nash,* contra, cites: *Court has jurisdiction if one defendant live in Spartanburg:* 13 S. C., 441; 30 S. C., 296; 48 S. C., 174. *Bringing in additional parties:* 35 S. C., 391; 22 S. C., 432; 70 S C., 375; 81 S. C., 502; 22 Cyc., 1413. *Equity Court has jurisdiction of whole matter:* 53 S. C., 583; 110 U. S., 276; 12 Pet., 164; 150 U. S., 401; 3 Wall, 609; 159 U. S., 36.

March 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On May 2, 1907, the defendant, a resident and citizen of Greenville County became a member

of the Carolina Mutual Fire Insurance Company, and on that date received from the company an insurance policy for four hundred dollars. On June 6, 1908, J. H. Parris brought suit in the Court of Common Pleas for Spartanburg County against the Carolina Mutual Fire Insurance Company, and on June 9, 1908, S. M. Wetmore was duly appointed receiver of said corporation. On September 22, 1908, his Honor, Judge Klugh, passed an order which contained, among other things, the following paragraph with respect to the duties of the receiver:

"The receiver is also ordered to proceed to collect the past due and unpaid assessments that were levied by the directors and officers of the company before the receiver was appointed, along with the assessment which he is herein ordered to make; and if any parties owing such assessments, past and future, should fail within a reasonable time to pay them, he shall, where in his judgment the interest of the creditors may be enhanced, file the statutory certificate so as to secure the lien upon any real estate insured. If any of such parties fail to pay, they are hereby made parties defendant in the main action, and the receiver is instructed to serve them with such summons and complaint as will bring them into this Court and make them account, with a view to enforcing the payment of the assessments.

"The receiver is hereby permitted to amend his complaint so as to conform to the practice of this Court in such particulars as may be proper and convenient."

In pursuance of this order on July 29, 1909, the receiver had served on H. R. Scalf, as one of the defaulting members of the Carolina Mutual Fire Insurance Company, a summons and complaint under the title, "S. M. Wetmore as Receiver for Carolina Mutual Fire Insurance Company, *Plaintiff, against* H. R. Scalf, *Defendant, in re* J. H. Parris, Plaintiff, v. Carolina Mutual Fire Insurance Company, Defendant." The summons was in the usual form and the complaint alleged:

1st. "That on the 9th day of June, 1908, he was duly appointed receiver for Carolina Mutual Fire Insurance Company by this Court and has duly qualified as such.

2d. "That prior to said time the defendant became a member of said company, which was a mutual fire insurance association duly chartered under the laws of this State; that pursuant to said membership said company issued to defendant its policy No. 6431, covering certain property hereinafter described, which policy has since said date been in possession of the defendant and it is unnecessary to set out same herein.

3d. "That under the terms of said policy and the constitution and by-laws of the company, which constitute a part of same, and under section 1916 of the Code of Laws of this State, the property herein described and the land upon which same is situated were and are pledged to said company for the amount of the lawful assessments and dues levied against defendant, and this plaintiff now has a lien to this effect.

4th. "That the property so insured and the land upon which same is situated are described as follows: One-story, shingle-roof, frame building, occupied May 2, 1907, by H. R. Scalf as store and dwelling, on Slanding Springs road, Greenville County, R. F. D. No. 4 from Greenville, S. C., adjoining property of A. Walker Hampton, and Reedy River Manufacturing Company.

5th. "That on the 4th day of March, 1909, there was filed and recorded in the office of the clerk of R. M. C. for the county in which the property is situated the statutory lien above referred to.

6th. "That on the third day of October, 1908, this Court ordered this plaintiff to levy an assessment on all policy holders, the share of this defendant being $20.25, and to collect former unpaid assessments levied by the directors of the company, amounting to $15.00 upon the defendant as a member of said company, to pay losses and expenses arising under the policy and by-laws; that due notice of such assessment be mailed the defendant, and if not paid within thirty

days, that plaintiff collect same according to law; that such notice was mailed defendant more than thirty days ago, and the assessment remains unpaid.

7th. "That on said October 3, 1908, this Court ordered that defendant, with other defaulting policy holders, many of whom live in Spartanburg County, be made parties defendant in the main action, and be brought in for the purpose of collecting said assessment.

"Wherefore, plaintiff prays judgment against defendant for the amount due and costs, and for such other relief as may be just."

H. R. Scalf demurred to the complaint on these grounds:

1st. "That the complaint does not state facts sufficient to constitute a cause of action, in that upon the face of it this Court has no jurisdiction of the person of the plaintiff or of the property described therein. The complaint sets forth an alleged lien upon the property of the defendant, and the complaint further shows that the property is located in Greenville County.

2d. "That it does not appear anywhere in the complaint that the defendant is a resident of Spartanburg, and the inference from said complaint (it being alleged that the defendant's property, as a store and dwelling was in Greenville county,) clearly fixes defendant's residence in Greenville county. Wherefore, defendant prays that the complaint be dismissed with costs."

The appeal is from an order overruling the demurrer. If the proceeding taken against Scalf is to be regarded as a separate suit independent of the original action, then it should have been brought in Greenville county, because the defendant is a resident of that county, and the property alleged to be subject to the lien for the sum due by Scalf on assessment against him is situated in that county. Code of Procedure, sections 144 and 146. We do not think, however, that the receiver had any authority from the Court to institute a separate action, but on the contrary was required

by the Court to bring in the members of a company as parties
to the original suit pending in Spartanburg county for the
purpose of marshalling the assets of the corporation. The
procedure which the Court required the receiver to adopt as
the formal method appropriate to bringing in the members
as parties was the service of a summons and complaint.
That it was the purpose to make the defendant a party to
the original action, and not to institute an independent suit
against him, was made apparent to him by the title of the
case and the recital in the complaint of the order of the
Court. The sole question then is whether the Court of
Common Pleas for Spartanburg had the jurisdiction to
bring in all members of the mutual company, that it might
ascertain and adjudicate their liabilities without respect to
their places of residence, and to enforce any liens on the
lands of such members for their unpaid assessments with-
out respect to the location of the land.

By the institution of the original suit to marshal the
assets, all the affairs of the insolvent corporation were
brought into the Court for administration. In taking juris-
diction for this purpose, the Court undertook to ascertain
the liabilities, collect the assets and to adjust all the equities,
not only of the creditors against each other, but of the
creditors against the members and the members against each
other. Evidently the assets of mutual assessment insurance
companies consist chiefly of the liabilities of the members
for the assessments due from them to meet losses. When
the company becomes insolvent and is to be wound up by
the Court, the members are liable for assessments only to
the extent necessary to pay off the accrued losses of the com-
pany. The case is entirely different from one in which the
Court undertakes to wind up the affairs of a corporation
holding separate notes or other choses in action against
different individuals. In such a case, there is no interde-
pendence between the assets and the debts, and the separate
debtor is in no wise concerned with the extent of the debts

of others due the company, or with the aggregate debts of
the company; and so a separate suit ancillary to the
original suit must be brought against him.   The difference
here is that every member has a vital interest, and is, there-
fore, entitled to be heard in the ascertainment and adjudica-
tion of the amount of the debts, because upon the amount
of debts depends the extent of his liability.   Hence it follows
that the Court can make no conclusive adjudication of the
debts or the liabilities until the members are made parties.
Therefore, if the Court, undertaking to marshal the assets
and wind up the affairs of the insolvent company, is to
settle the rights of creditors and collect its assets, it is
essential that the members should be brought in and heard
on the assessment necessary to be levied and their own
liability therefor.   If persons represented to the Court as
members should turn out not to be, or if some members,
represented to be in arrears, should prove that they had paid
up, then the Court might have to order a larger assessment
of those remaining liable, or if the members, upon being
made parties, should show that the debts of the company
were less than represented, then the assessments would be
correspondingly diminished.

So it clearly appears that the main matter before a
Court in a suit to marshal the assets of mutual insurance
companies is the ascertainment of the debts of the com-
pany and the resulting liabilities of the members.   The
complete determination of these questions—that is, the
determination of these questions so as to make the judgment
binding on the parties most concerned—can only be reached
by making all the members of the company parties.   There-
fore, the case falls directly and plainly under section 139 of
the Code of Procedure, which provides: "Any person may
be made a defendant who has or claims an interest in the
controversy adverse to the plaintiff, or who is a necessary
party to a complete determination or settlement of the ques-
tions involved therein."

The absurd results which would follow from any other conclusion are quite obvious. If each member had a right to demand a separate suit against himself alone, the receiver would have to bring hundreds of separate suits, and in each of them he would have to establish anew the debts of the company, and the inadequacy of the assets, and the amount rightfully assessed might be different in each succeeding suit, according to his success or failure in obtaining judgment in suits against other members. When all the members are made parties to the one suit to wind up the affairs of the company, the Court ascertains the debts of the company and adjusts all the legal and equitable rights of the members once for all. It would be a practical impossibility to accomplish these ends in separate suits against the individual members. In *Parker* v. *Carolina Savings Bank,* 53 S. C., 583, 31 S. E., 673, the Court held that the Court of Equity had jurisdiction to bring in all the stockholders of an insolvent bank, and establish their several liabilities in one suit. The reasoning of the Court was that every creditor has an interest in the liability of every stockholder, and from this liability arises a common fund in which all the creditors are interested. We can see no ground on which that case can be distinguished from this.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.