8196

*IN RE* PARRIS v. CAROLINA MUTUAL FIRE INS. CO.

1. INSURANCE COMPANIES.—THE ACT 26 STAT. 695, providing "that any fire insurance company doing business in this State claiming a lien on the property insured for the premium for such insurance shall upon action brought on such lien or to collect such premium establish that protection had been had by the insured and that such company during such period was solvent," does not apply to a claim for an assessment in a mutual fire insurance company maturing some months before its enactment.

2. IBID.—Whether this statute applies to mutual fire insurance companies made but not considered.

Before ERNEST GARY, J., Spartanburg, November. 1911. Affirmed.

Action by S. M. Wetmore, receiver, against M. H. Sherman, *In* re J. H. Parris v. Carolina Mutual Fire Insurance Company. Defendant Sherman appeals.

*Messrs. Warren & Warren, for appellants,* cite: *Acts relating to remedy do not impair obligations:* 8 Cyc. 1006;

54 Me. 345; 47 N. Y. 157; 82 Ill. 491; 1 Col. 100; 43 Ala.
434; 59 Ind. 446; 1 Neb. 419; 4 Minn. 546; 31 Conn. 63;
39 N. H. 304; 23 Mass. 561; 56 Tenn. 841; 1 Dougl. 373;
63 N. C. 554; 29 Ore. 562; 41 Miss. 71; 64 N. Y. 262; 1
Ohio N. P. 350; 3 Ohio Dec. 15; 83 N. C. 291; 6 Neb. 33;
23 Ga. 183; 43 N. J. L. 571; 79 Ill. 409; 9 Wis. 559; 1 N.
& McC. 486; 8 Cyc. 986; 3 Wend. 588; 2 Metc. 165; 113
U. S. 574; 97 Ill. 593.

*Mr. J. W. Nash,* contra, cites: *Statute not retroactive:*
36 Cyc. 1205; 55 S. C. 302; 34 S. C. 468; 9 S. C. 288; 13
Rich. 277; 13 Wall. 646; 97 U. S. 293; 19 Wall. 107.
*Company not doing business:* 187 U. S. 204; 61 S. W. 75;
33 La. 10; 71 Ala. 60; 4 Col. 369; 40 N. E. 462; 83 Fed.
403; 25 L. R. A. 543.

April 29, 1912.  The opinion of the Court was deliv-
ered by

Mr. Justice Woods.  In this action, brought by the
plaintiff as receiver of Carolina Mutual Fire Insurance
Company, the allegations of the complaint are that assess-
ments were duly levied on the members of the company;
that the defendant, one of the members, refused to pay his
assessments of $23.67 and $21.33, and that under section
1916 of the Civil Code a lien exists on the property insured,
and the land on which it is situated, to secure the payment
of the assessments.  The defendant demurred to the com-
plaint on the ground that it failed to state a cause of action,
in that: "1. The complaint does not allege that the said
insurance company is and was solvent during the period of
insurance covered by the policy covered in the complaint.
2. That the complaint does not allege that protection had
been had by the insured during the period of insurance
alleged in the complaint.  3. That it appears upon the face
of the complaint that the said insurance company was and
is insolvent."  To sustain the demurrer the defendant relies

on the statute enacted February 23, 1910 (26 Stat. 695), which provides: "That any fire insurance company doing business in this State, claiming a lien upon the property insured for the premium for such insurance, shall, upon an action being brought upon such lien, or to collect such premium, establish that protection had been had by the insured, and that such company during the period of insurance was solvent."

The Carolina Mutual Fire Insurance Company went into the hands of a receiver in 1908. All the obligations of the company and of its members then became fixed, the act of the Court in taking charge of it through a receiver being for the purpose of enforcing these obligations, and adjusting all the equities of the parties. *Wetmore* v. *Scalf*, 85 S. C. 285, 67 S. E. 298. The demurrer depends on the proposition that the General Assembly by an act passed more than a year afterwards changed the legal relations and the rights of the parties.

We think it perfectly clear that the statute has no application. Mutual insurance companies have no capital stock and no funds except such as are collected on assessments to be immediately paid out. The members assume contractual obligations to each other, and when one member suffers a loss by fire and an assessment is duly made, the obligation becomes fixed and cannot be removed without a violation of the obligation of contract. The law under which the Carolina Mutual Fire Insurance Company did business, and which was a part of the obligation of the contract assumed by the defendant, was that he should pay the assessments duly levied, and that the company should have a lien on his property for such assessment. If the act purported to deprive the company of the right to collect assessments, or of the lien to secure payment for the benefit of those who had suffered loss, it would be unconstitutional, as impairing the obligation of a contract. In *Hawthorne* v. *Caleb*, 2 Wall. 10, 17 L. Ed. 776. the

Supreme Court of the United States held: "A State act repealing the liability clause of the charter of a corporation is, as to debts contracted before repeal, a law impairing the obligations of the contracts, within the Constitution of the United States, and void." Some Courts have held that the obligation of a contract is not impaired by a statute which purports to destroy the lien acquired under a previous statute, on the faith of which the contract was made and the service rendered. But such a doctrine we think opposed to reason and the great weight of authority. *Pacific Steamship Co.* v. *Joliffe,* 2 Wall. 450, 17 L. Ed. 805; *Merchants Bank* v. *Ballou,* 98 Va. 112, 32 S. E. 481, 81 Am. St. Rep. 715; *Waters* v. *Manufacturing Co.* (Ga.), 32 S. E. 636; *Bader* v. *Shepard* (Ind.), 8 N. E. 280; *Weaver* v. *Sells,* 10 Kansas 609; *Craig* v. *Hevyman* (N. D.), 81 N. W. 288.

The act does not purport to destroy the obligations assumed and the rights acquired by the members of fire insurance companies, but it very *materially* changes them; for surely it would be difficult to prove as an affirmative fact the solvency of a corporation which must always have undischarged obligations, and which has no capital except the liability of its members to pay assessments, and to prove further that the member sued for his assessment would have been paid had he incurred loss.

It seems, therefore, very doubtful whether the General Assembly could have made such a statute retroactive in its application. The statute contains no indication that it was to have retroactive effect; and the rule is familiar that such a construction should not be given unless it is required by the express words of the statute or must necessarily be implied from the language used. The rule applies with peculiar force in this case, where the rights of interested parties are so materially affected by the change in the statute. It has been strongly argued that the statute was not intended to apply to mutual fire

insurance companies, but upon that question we express
no opinion.

It is the judgment of this Court that the judgment of the
Circuit Court be affirmed.

MR. JUSTICE FRASER *concurs in the result.*