April 29, 1912. The opinion of the Court was delivered by
In this action, brought by the plaintiff as receiver of Carolina Mutual Fire Insurance Company, the allegations of the complaint are that assessments were duly levied on the members of the company; that the defendant, one of the members, refused to pay his assessments of $23.67 and $21.33, and that under section 1916 of the Civil Code a lien exists on the property insured, and the land on which it is situated, to secure the payment of the assessments. The defendant demurred to the complaint on the ground that it failed to state a cause of action, in that: "1. The complaint does not allege that the said insurance company is and was solvent during the period of insurance covered by the policy covered in the complaint. 2. That the complaint does not allege that protection had been had by the insured during the period of insurance alleged in the complaint. 3. That it appears upon the face of the complaint that the said insurance company was and is insolvent." To sustain the demurrer the defendant relies *Page 346 
on the statute enacted February 23, 1910 (26 Stat. 695) which provides: "That any fire insurance company doing business in this State, claiming a lien upon the property insured for the premium for such insurance, shall, upon an action being brought upon such lien, or to collect such premium, establish that protection had been had by the insured, and that such company during the period of insurance was solvent."
The Carolina Mutual Fire Insurance Company went into the hands of a receiver in 1908. All the obligations of the company and of its members then became fixed, the act of the Court in taking charge of it through a receiver being for the purpose of enforcing these obligations, and adjusting all the equities of the parties. Wetmore v. Scalf,85 S.C. 285, 67 S.E. 298. The demurrer depends on the proposition that the General Assembly by an act passed more than a year afterwards changed the legal relations and the rights of the parties.
We think it perfectly clear that the statute has no application. Mutual insurance companies have no capital stock and no funds except such as are collected on assessments to be immediately paid out. The members assume contractual obligations to each other, and when one member suffers a loss by fire and an assessment is duly made, the obligation becomes fixed and cannot be removed without a violation of the obligation of contract. The law under which the Carolina Mutual Fire Insurance Company did business, and which was a part of the obligation of the contract assumed by the defendant, was that he should pay the assessments duly levied, and that the company should have a lien on his property for such assessment. If the act purported to deprive the company of the right to collect assessments, or of the lien to secure payment for the benefit of those who had suffered loss, it would be unconstitutional, as impairing the obligation of a contract. InHawthorne v. Caleb, 2 Wall. 10, 17 L.Ed. 776, the *Page 347 
Supreme Court of the United States held: "A State act repealing the liability clause of the charter of a corporation is, as to debts contracted before repeal, a law impairing the obligations of the contracts, within the Constitution of the United States, and void." Some Courts have held that the obligation of a contract is not impaired by a statute which purports to destroy the lien acquired under a previous statute, on the faith of which the contract was made and the service rendered. But such a doctrine we think opposed to reason and the great weight of authority. Pacific SteamshipCo. v. Joliffe, 2 Wall. 450, 17 L.Ed. 805; MerchantsBank v. Ballou, 98 Va. 112, 32 S.E. 481, 81 Am. St. Rep. 715; Waters v. Manufacturing Co. (Ga.), 32 S.E. 636;Bader v. Shepard (Ind.), 8 N.E. 280; Weaver v. Sells, 10 Kansas 609; Craig v. Hevyman (N.D.), 81 N.W. 288.
The act does not purport to destroy the obligations assumed and the rights acquired by the members of fire insurance companies, but it very materially changes them; for surely it would be difficult to prove as an affirmative fact the solvency of a corporation which must always have undischarged obligations, and which has no capital except the liability of its members to pay assessments, and to prove further that the member sued for his assessment would have been paid had he incurred loss.
It seems, therefore, very doubtful whether the General Assembly could have made such a statute retroactive in its application. The statute contains no indication that it was to have retroactive effect; and the rule is familiar that such a construction should not be given unless it is required by the express words of the statute or must necessarily be implied from the language used. The rule applies with peculiar force in this case, where the rights of interested parties are so materially affected by the change in the statute. It has been strongly argued that the statute was not intended to apply to mutual fire *Page 348 
insurance companies, but upon that question we express no opinion.
It is the judgment of this Court that the judgment of the Circuit Court be affirmed.
MR. JUSTICE FRASER concurs in the result.