# 482

## STATE ex MERION v ABRAMS et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18153. Decided July 7, 1941

Thos. J. Herbert, Attorney General, Columbus; Donald Van Buren and Ralph Stickle, Asst. Attys. General, Columbus; Andrew Pangrace, Cleveland, for City Savings & Loan Co., Samuel Sonenfield; for plaintiffs-appellees.

Robert J. Selzer, Cleveland, and Edward F. Feighan, Cleveland, for defendants-appellants.

## OPINION

By MORGAN, J.

This action was brought in the Court of Common Pleas to recover the super-added liability of the defendants as stockholders in the City Savings & Loan Company. The Court below sustained plaintiff's demurrer to the defendants' answer.

The petition sets forth the following facts:

The Superintendent of Building & Loan Associations of Ohio, on September 13, 1933, took possession of the assets of the City Savings & Loan Company for purposes of liquidation. On June 4, 1938, the further liquidation of the company was transferred to it to be conducted as provided by §687-21 GC, and §687-22(a) GC.

On August 29, 1939, the plaintiff made a 25% assessment on the stock of the company by way of superadded liability. The defendants were stockholders. This action is brought to recover the super-added liability assessed against them.

The answer of defendants set forth that **Article 13, §3 of the Constitution of Ohio** was amended on July 1, 1937, and that by the amendment superadded liability was done away with in Ohio.

The question before us is whether the obligation for super-added liability in this case survives the constitutional amendment of July 1, 1937.

From and after July 1, 1937, **Art. 13, §3 of the Ohio Constitution** is as follows:

"Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her."

The plaintiffs contend that the defendants cannot escape liability in this case because of the operation of Article 1, §10 of the Constitution of the United States which provides that no State shall pass any law impairing the obligations of contracts. The question whether or not the superadded liability of stockholders when imposed by statute or Constitution is a contract obligation, has been decided in the affirmative in the following cases:

Brown v Hitchcock, 36 Oh St 667.

Everard v Kroeger, Supt., 60 Oh Ap 123; (Motion to certify overruled November 30, 1938).

Hawthorne v Calef, 69 U. S. 10.

Coombs v Goetz, 285 U. S. 434.

Simons v Groesbeck, 268 Mich. 495.

In the case of Brown v Hitchcock there were dissenting opinions by Judges McIlvaine and Johnson. In the case of Coombs v Goetz there was a dissenting opinion by Mr. Justice Cardozo, concurred in by Mr. Justice Brandeis and Mr. Justice Stone.

In the writer's opinion the dissenting opinions in the above cases are better reasoned and more cogent than the majority opinions.

In view, however, of the above decisions the question can hardly be considered to be an open one: ▮▮▮▮▮ The superadded liability of stockholders is a contract obligation and therefore comes within the protection of Art. 1, §10 of the Constitution of the United States.

In the instant case, The City Savings & Loan Company had been in liquidation for nearly four years before Ohio did away with superadded liability by a constitutional amendment. During this period the deposits in this company were frozen and the possibility that it would be necessary to resort to superadded liability of stockholders to pay creditors must have been recognized. While the principle contended for by plaintiffs would permit recovery of superadded liability in this case even if the company had not been in liquidation on the date of the constitutional amendment, it is not necessary to decide that question in this case.

We hold that on the facts in this case the superadded liability ▮▮▮▮▮ of these defendants as stockholders was not done away with by the amendment of **Art. 13, §3 of the Constitution of Ohio** on July 1, 1937.

The judgment of the Court of Common Pleas is therefore affirmed. Exceptions noted.

LIEGHLEY, PJ., SKEEL, J., concur.